**John HENDRICKS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 64A04–8912–CR–596.**

Court of Appeals of Indiana, Fourth District.

June 13, 1990.

---

G. Anthony Bertig, Law Offices of James V. Tsoutsouris, Valparasio, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

CHEZEM, Presiding Judge.

### CASE SUMMARY

Defendant–Appellant, John Hendricks, filed an interlocutory appeal, in which he appeals the trial court's denial of his Motion to Dismiss pursuant to Indiana Criminal Rule 4(C). We reverse.

### ISSUE

Whether Defendant's rights have been violated pursuant to Indiana Criminal Rule 4(C).

### FACTS

On May 16, 1988, Defendant was arrested for Theft, a class D felony. Defendant asserts that his rights under Indiana Criminal Rule 4(C) have been violated. The rule states:

> (C) Defendant Discharged. No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where

**4.** This court specifically does not retain jurisdiction.

a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of a congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

The relevant dates and events are as follows:

| | | |
|---|---|---|
| Defendant's arrest | May 16, 1988 | |
| | | ] 17 days |
| Initial Hearing | June 2, 1988 | |
| | | ] |
| Original Omnibus Date | July 28, 1988 | ] 126 days |
| | | ] |
| Omnibus Hearing Requested By State | October 6, 1988 | ] |
| Omnibus Continued on Defendant's Motion to November 3, 1988 | November 3, 1988 | ] 28 days |
| | | ] 344 days |
| Court Sets Matter for Trial | October 13, 1989 | |
| Case Scheduled for Trial October 24, 1989 | October 24, 1989 | ] 11 days |
| | | 526 days |

Defendant concedes that the twenty-eight (28) days of delay caused by his continuance of the October 6, 1988 omnibus hearing are attributable to him, but asserts that the State is responsible for the rest of the four hundred and ninety-eight (498) day delay.

The original omnibus hearing was set for July 21, 1988, but the hearing was rescheduled for October 6, 1988, at which time Defendant moved for a continuance. State argues that because the record is silent as to what happened at and after the original omnibus hearing date, Defendant should be charged with this period of time as well as the twenty-eight (28) days after the continuance. In support of their argument, State cites *Morrison v. State* (1989), Ind.App., 542 N.E.2d 564. However, *Morrison* was recently reversed by the Indiana Supreme Court in *Morrison v. State* (1990), Ind., 555 N.E.2d 458. In reversing *Morrison*, the Supreme Court held when the record is silent regarding the reason for the delay, a defendant cannot be held accountable for the delay, and no waiver can be implied. *Huffman v. State* (1987), Ind., 502 N.E.2d 906; *State ex rel. Henson v. Washington Circuit Court* (1987), Ind., 514 N.E.2d 838; *Pillars v. State* (1979), 180 Ind.App. 679, 390 N.E.2d 679. The omnibus date is not a concern of Criminal Rule 4(C), and the State must show actual delay caused by the defendant's act before this time period can be charged against him. Here the State has failed to show Defendant caused the delay. *See State v. Smith* (1986), Ind.App., 495 N.E.2d 539, 541.

State next argues that the delay should be charged to the defendant due to certain plea negotiations. State concedes that informal plea negotiations do not constitute the abandonment of the right to be tried

within one year and that actual delay by the defendant must be shown. *See Butts v. State* (1989), Ind.App., 545 N.E.2d 1120, 1122. State contends that Defendant caused actual delay in furthering the negotiations. The State neither cites facts to support this contention nor shows the delay was caused by Defendant's act, as required in Criminal Rule 4(C). The only mention of a plea bargaining in the record are two letters: the first dated November 4, 1988, informing Defendant of the offer and the second, dated January 11, 1989, from the State holding the offer open for a period of two weeks, and stating that if it is not accepted the case would be set for trial. (The case was not set for trial until October 24, 1989, two-hundred and eighty-six (286) days later). Even if these eighty-three (83) days (which includes the two weeks to accept the offer) are accountable to Defendant, there are still four hundred and fifteen (415) days for which to account. $[526 - (28 + 83) = 415]$.

State also failed to argue that any of the delay is attributable to congestion of the trial court's calendar, the other exception under Criminal Rule 4(C).

We need not consider the State's argument regarding Defendant's motion for continuance of the October 24, 1989 trial date, because the case was set for trial so completely outside the scope of the one (1) year time period. The court made no effort to schedule the trial within the time period. "The duty to bring the defendant to trial within one year was an affirmative one which rested with the State. The defendant did not have an obligation to remind the trial court of the State's duty." *Id.* at 1124.

Because the State did not fulfill its duty to bring Defendant to trial within one year, we reverse the trial court's denial of Defendant's Motion to Dismiss.

HOFFMAN, P.J., and MILLER, J., concur.