**Wade HAVVARD, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9802–CR–100.**

Court of Appeals of Indiana.

Jan. 5, 1999.

Andrew C. Krull, Marion County Public Defender, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

ROBB, Judge.

Wade Havvard ("Havvard") was convicted following a bench trial of resisting law enforcement and driving while suspended. Havvard appeals the trial court's denial of his Criminal Rule 4(C) motion for discharge. We reverse.

### Issues

Havvard raises the following restated issues for our review:

1. Whether the trial court erred in calculating the delay attributable to him for purposes of determining the date by which the State was required to bring him to trial pursuant to Criminal Rule 4(C); and

2. Whether he objected to the trial date alleged to be outside the allowable one year period at the earliest opportunity.

### Facts and Procedural History

Wade Havvard was charged on July 12, 1996, with two counts of resisting law enforcement and one count of driving while his license was suspended. At a September 25, 1996, pre-trial conference, the court set Havvard's case for jury trial on May 8, 1997. At a pre-trial conference on May 7, 1997, one day before his jury trial was scheduled to begin, Havvard and his counsel appeared in court and filed a waiver of the jury trial but did not request a continuance. The trial court then vacated the jury trial and set Havvard's case for a bench trial on December 8, 1997. On June 20, 1997, Havvard filed an objection to the December trial setting as being outside the one year period allowed by Criminal Rule 4(C) in which to bring a defendant to trial. Havvard conceded fifty-nine days of delay attributable to him, apparently stemming from a motion for continuance requested by Havvard. R. 35. The trial court noted Havvard's objection, but the bench trial remained set for December 8, 1997.

On December 8, 1997, immediately prior to commencing the bench trial, Havvard again objected to the trial setting and moved for a discharge pursuant to Criminal Rule 4(C). The trial court judge denied the motion for discharge, stating that "my position has always been that if you ask for a jury and the day comes for a jury and you waive a jury all of those days are attributable to you[,]" r. 69, and that he was "attributing two hundred twenty five (225) days of delay from the time the defendant asked for a date to be set on the jury calendar until the day he waived the jury...." R. 70.

## Discussion and Decision

Criminal Rule 4(C) states:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar.... Any defendant so held shall, on motion, be discharged.

■ The burden is upon the State, not the defendant, to bring a defendant to trial within one year. *State v. Hurst*, 688 N.E.2d 402, 408 (Ind.1997). Criminal Rule 4(C) relieves the State from that duty only for a delay caused by the defendant's own act or a continuance had on the defendant's own motion. *State v. Smith*, 495 N.E.2d 539, 541 (Ind.Ct.App.1986). When delay is chargeable to the defendant, the period fixed by the rule is extended only by the period of that delay. *Frisbie v. State*, 687 N.E.2d 1215, 1217 (Ind.Ct.App.1997), *trans. denied.* The one year time period should be extended because of a defendant's actions only if the defendant does something that is inconsistent with being brought to trial by the trial date or within one year. *Hurst*, 688 N.E.2d at 408.

Havvard contends that the trial court erred in determining the delay attributable to him for purposes of calculating the one year period allowed by Criminal Rule 4(C) in which to bring him to trial. Havvard asserts that because he did not move to continue the May 8, 1997, trial date when he waived the jury trial, the trial was not necessarily delayed by his actions, and he is at most responsible for the time period between the date the bench trial was set, May 7, 1997, and the date the trial court ruled on his objection to the trial date, June 23, 1997, a total of only forty-seven days. The bench trial was held one hundred fifty days beyond the expiration of the one year period.[1]

The State responds that Havvard's last-minute jury trial waiver caused the trial court to remove his case from the jury trial calendar and reschedule it for a bench trial on the first available date and that the period between Havvard's request for a jury trial and his waiver of that jury trial is therefore attributable to him. The State further argues that even if those days are not attributable to him, he has waived his Criminal Rule 4(C) claim by failing to object to the trial setting at the earliest opportunity.

■ The trial court counted the time between Havvard's request for a jury trial on September 25, 1996, and his waiver thereof on May 7, 1997, as delay attributable to Havvard and determined that the December 8, 1997, trial date was therefore within the allowable one year period to bring him to trial. However, any "delay" occasioned by Havvard's jury trial waiver could only have occurred *after* he filed the waiver on May 7, 1997, and not before, as the trial court determined. The trial court therefore erred in attributing those two hundred twenty-five days to Havvard.[2]

---

1. This calculation is from July 12, 1996, the date Havvard was charged, and assumes no delay attributable to either party.

2. The trial court also found that the seventeen days from February 19, 1997 to March 8, 1997, were delay attributable to Havvard. On February 19, a hearing on Havvard's counsel's motion to withdraw was scheduled at which Havvard failed to appear. A warrant was issued for his arrest, and he was taken into custody and made bond on March 8, 1997. Said seventeen days were subsumed in the two hundred twenty-five day period ultimately attributed by the trial court

■ We agree with Havvard that his last minute waiver of a jury trial did not mean that the trial court could not try him as scheduled. It would merely have been a bench trial rather than a jury trial. Havvard did not request a continuance of the scheduled trial when he waived the jury. The trial court gave no reason in the record for why the trial could not or would not be held as scheduled. When the record is silent concerning the reason for a delay, it is not attributable to the defendant. *Hendricks v. State*, 555 N.E.2d 178, 179 (Ind.Ct.App.1990). Moreover, congestion will not be assumed when the docket states no reason for the delay. *Solomon v. State*, 588 N.E.2d 1271, 1272 (Ind.Ct.App.1992).

■ We turn, then, to the question of whether Havvard objected to the trial setting at the earliest opportunity. When a defendant learns within the period provided by the rule that the case is set for trial at a time beyond the date permitted, the defendant must object to such trial setting at the earliest opportunity. *Raber v. State*, 622 N.E.2d 541, 545 (Ind.Ct.App.1993). If a defendant faced with a trial set outside the prescribed one-year period fails to object at the earliest opportunity, he is deemed to have acquiesced to the belated trial date. *See id.* "At the earliest opportunity" does not necessarily mean "immediately." An objection must be lodged in time to permit the trial court to reset the trial for a date within the proper period. *Martin v. State*, 419 N.E.2d 256, 258 (Ind.Ct.App.1981).

■ We believe Havvard's objection, though not made at the pre-trial conference at which the trial court set his trial outside the allowable time nor immediately after, was nevertheless timely. Including the fifty-nine day delay Havvard acknowledges is attributable to him and the forty-seven days in which Havvard can be said to have acquiesced to the trial setting before his objection, the one year period in which to bring Havvard to trial was extended to October 27, 1997. The trial court therefore had approximately four months after Havvard's objection in which to reset his trial or find that court congestion prevented resetting his trial within the one-year time limit. We realize court dockets are busy, necessitating the setting of trials many weeks, if not months, down the road. However, that is the very reason an express finding of "court congestion" extends the one year period for bringing a defendant to trial. *See Clark v. State*, 659 N.E.2d 548, 551–52 (Ind.1995).

Havvard has demonstrated that he was entitled to discharge on Criminal Rule 4(C) grounds upon his motion. The trial court erred in failing to grant said motion for discharge prior to trial.

Reversed and remanded with instructions to grant Havvard's motion for discharge and vacate the convictions against him.

KIRSCH, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent for the following reasons:

1. When a defendant exercises his right to have a trial by jury, and later, just before the set jury trial date, he waives the right to a jury trial, then he should be charged with a delay under Criminal Rule 4(C).

2. Inexcusable manipulations with the jury trial calendar of the trial court needlessly waste judicial resources.

3. The underlying speedy trial purpose of Criminal Rule 4(C) is made meaningless by allowing the defendant an escape from prosecution by narrowing the one year limitation.

Havvard contends, and the majority agrees, that because he did not move to continue the May 8, 1997 trial date when he waived the jury trial, the trial was not delayed by his actions. However, a motion for continuance is not the only form of delay chargeable to a defendant under Crim. R.

---

to Havvard. We note that these seventeen days had no apparent effect on the May 8, 1997, trial date, as the trial was scheduled well before Havvard's failure to appear, and remained scheduled for that date thereafter. We express no opinion, however, as to whether these seventeen days were in fact a "delay," because they have no effect on our resolution of this case.

4(C).[3] When a defendant does something that is inconsistent with being brought to trial by the trial date or within one year, the time period should be extended accordingly. *State v. Hurst*, 688 N.E.2d 402, 408 (Ind. 1997). For example, in *Burdine v. State*, 515 N.E.2d 1085, 1091 (Ind.1987), the Indiana Supreme Court held that a defendant's guilty plea pursuant to agreement with the State and the subsequent withdrawal of that plea after the trial date had been vacated caused delay chargeable to the defendant.

Requesting a jury trial and then waiving it on the eve of trial is an oft-used delaying tactic which gives a defendant extra time in two instances. The initial request will generally result in a trial date which is later than the defendant would have received had he requested a bench trial at the outset. Subsequent waiver of the jury trial results in further delay because the trial court has to remove the case from the jury trial calendar and reset it on the bench trial calendar.

Havvard asserts that there was no reason for the trial court to alter his trial date upon his waiver of jury trial. However, trial courts often schedule alternate jury trials for the same date, anticipating that some may be pled out or waived. Alternate trial scheduling decreases the chance that a jury panel will be called for naught. Proceeding with a bench trial when a jury panel has already been told to appear would waste judicial resources.

Crim. R. 4(C) is meant to protect a defendant's right to a speedy trial—not to be used as an escape hatch for defendants who successfully manipulate trial scheduling to their advantage. *See State ex rel. O'Donnell v. Cass Superior Court*, 468 N.E.2d 209, 211 (Ind.1984) (recognizing that the purpose of the rule is to ensure early trials and not to discharge defendants). A criminal defendant is free to waive his right to a jury trial at any time. However, if he waits until the trial date is set and the prospective jurors have been notified, he should not be allowed the dual benefit of gaining more time prior to trial and having that time count toward the one year period in which the State has to bring him to trial pursuant to Crim. Rule 4(C).

I would affirm the trial court.

**3.** The language of Crim. R. 4(C) anticipates delay "where a continuance was had on [defendant's] motion, *or the delay was caused by his act ...*". (emphasis added)