STATE of Indiana, Appellant–Plaintiff,

v.

**Rex David DELPH, Appellee–Defendant.**

No. 48A02–0703–CR–279.

Court of Appeals of Indiana.

Oct. 26, 2007.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorney for Appellant.

Joseph M. Cleary, Hammerle Allen & Cleary, Indianapolis, IN, Attorney for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Plaintiff the State of Indiana appeals from the trial court's discharge of Rex David Delph, who had been charged with two counts of murder, one count of Class A felony arson, and two counts of felony murder, pursuant to Indiana Rule of Criminal Procedure 4(C). The State raises one issue for review, and Delph raises one, which we restate as follows:

I. whether the trial court properly charged the State with 221 days from Delph's charging to the initial trial setting;

II. whether the trial court properly charged a later 147–day delay to the State;

III. whether the trial court properly charged a final sixty-three-day delay[1] to the State on the basis that Delph's request for a continuance was the result of the State's failure to timely provide discovery.

Additionally, Delph raises the following cross-appeal issue:

IV. whether this court erroneously granted the State leave to file a belated Brief of Appellant.

We reverse and remand.

### Facts and Procedural History

On June 11, 2004, the State charged Delph with two counts of murder, Class A felony arson resulting in serious bodily injury, and two counts of felony murder. On December 14, 2004, Delph moved for a continuance of the January 18, 2005 trial date, citing a need for more time to prepare his defense. The trial court granted the motion and reset trial for September 13, 2005.

On August 15, 2005, Delph moved for another continuance, noting that he had recently received new discovery from the State and citing a possible need to hire an expert to review evidence and a need for additional time to prepare for trial. The

---

1. Although the trial court found, and both parties seem to agree, that the delay from September 12, 2006, to November 14, 2006, was sixty-one days, it was actually sixty-three. We shall treat the delay as though it had been properly calculated.

trial court granted the motion and reset trial for February 7, 2006. At no time did Delph bring to the trial court's attention the possibility that the February 7, 2006 trial setting was beyond the one-year limit prescribed by Criminal Rule 4(C).

On January 23, 2006, Delph moved for another continuance, and the trial court reset trial for September 12, 2006. On September 1, 2006, Delph moved for a continuance on the basis that he had not received certain discovery materials from the State, and the trial court reset trial for November 14, 2006. In particular, Delph cited a need to have an expert examine two oil lamps found in his home whose existence had been noted on a search warrant return issued shortly after the fire and in a report issued by Fire Chief Freeman. These lamps had been recovered within thirty days of the fire and had apparently been in Fire Department custody since then.

On September 28, 2006, Delph moved for a discharge pursuant to Criminal Rule 4(C). On December 6, 2006, the trial court granted Delph's motion and dismissed all charges. In its order, the trial court charged 221 days to the State from the time of Delph's charges to the first trial setting, 147 days to the State when trial was reset from September 13, 2005, to February 7, 2006, due to what it concluded was the State's failure to timely provide discovery materials, and sixty-three days to the State when trial was reset from September 12, 2006, to November 14, 2006, due to what it concluded was another failure to timely provide discovery materials.

### Discussion and Decision

#### *Standard of Review*

Criminal Rule 4(C) provides, in relevant part, that

> [n]o person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar[.]

 Under this rule, a defendant may seek and be granted a discharge if he is not brought to trial within the proper time period. *Morrison v. State*, 555 N.E.2d 458 (Ind.1990), *overruled on other grounds*, *Cook v. State*, 810 N.E.2d 1064 (2004). The purpose of Criminal Rule 4(C), however, is to create early trials and not to discharge defendants. *State v. Hurst*, 688 N.E.2d 402, 408 (Ind.1997), *overruled on other grounds*, *Cook v. State*, 810 N.E.2d 1064 (2004). If a defendant seeks or acquiesces in any delay that results in a later trial date, the time limitations set by Criminal Rule 4 are extended by the length of such delays. *Burdine v. State*, 515 N.E.2d 1085, 1090 (Ind.1987), *superseded on other grounds*, Ind. Evidence Rule 401 (1994).

### I. The Initial 221–Day Period

 The State charged Delph on June 11, 2004, and trial was originally set for January 18, 2005, 221 days later. Delph filed for a continuance on December 14, 2004, 186 days after being charged. Normally, the period attributable to Delph would have begun to run upon the filing of his motion for a continuance on December 14, 2004, and not from the date of the original trial setting. *See, e.g., Henderson v. State*, 647 N.E.2d 7, 13 (Ind.Ct.App. 1995), *trans. denied.* The State, however, acknowledged at oral argument that it conceded the point several times below, including in its proposed order denying

Delph's motion for discharge, and that the trial court therefore correctly charged 221 days to the State. *See Morrison v. State*, 555 N.E.2d 458, 461 (Ind.1990).

## II. The 147–Day Period

■ Following a Delph-caused 237–day delay when trial was reset from January 18, 2005, to September 12, 2005, the trial court, on Delph's motion, then reset trial again for February 7, 2006, a 147–day delay, which it ultimately charged to the State. The State contends that this 147–day delay should have been charged to Delph. We need not, however, reach the merits of this argument, because Delph acquiesced in the delay and it therefore cannot be charged to the State.

■ The State's duty to try the defendant within one year is affirmative, and the defendant is under no obligation to remind the State of its duty. *Biggs v. State*, 546 N.E.2d 1271, 1276 (Ind.Ct.App. 1989). This is not to say, however, that a defendant is without obligation altogether when a trial date is set outside the one-year period.

> [W]hen, prior to the expiration of the period set by the rule, the court sets a trial date which is beyond that period and the defendant is or should be aware that the setting is beyond that period, it is his obligation to object at the earliest opportunity so that the court can reset the trial for a date within the proper period. If the defendant sits idly by at a time when the court could yet grant him a trial within the proper period and permits the court, without objection, to set a date beyond that period, he will be deemed to have acquiesced therein.

*Little v. State*, 275 Ind. 78, 81, 415 N.E.2d 44, 46 (1981).

On September 2, 2005, the trial court reset trial for February 7, 2006, or the 368th day.[2] Even though the trial date was set over five months before the 365–day period was allegedly to expire, Delph failed to bring this to the trial court's attention at any point. We conclude that Delph's failure to object to the February 7, 2006, trial date, despite having over five months to do so, is a failure to object at the earliest possible opportunity, to say the very least. This failure constituted an acquiescence in the trial date. *See, e.g., Townsend v. State*, 673 N.E.2d 503, 506 (Ind.Ct.App.1996) ("However, even if this court accepts Townsend's contention [that his motion to dismiss constituted an implied objection on speedy trial grounds], his motion to dismiss was filed almost two months after the trial court set the trial date. Townsend failed to object at the earliest opportunity."). Consequently, the 147–day period was improperly charged to the State and the Criminal Rule 4(C) tally remains at 221 days. *See Butts v. State*, 545 N.E.2d 1120, 1123 (Ind.Ct.App.1989) ("Since the defendant failed in his duty to object to the trial setting of March 31, 1988, [a date outside the one-year limit,] he is deemed to have acquiesced in the delay."). Next, Delph moved for a continuance on January 23, 2006, which resulted in a delay of 217 days, chargeable to Delph, leaving the Criminal Rule 4(C) tally still at 221 days.

## III. Final Sixty–Three–Day Period

■ Finally, the State contends that the trial court improperly charged it with the sixty-three-day delay when the trial date was reset from September 12, 2006, to November 14, 2006. The State argues

**2.** We will assume, without deciding, that the 147–day delay would properly have been charged to the State.

that the sixty-three days should not have been charged to it because Delph, with the exercise of due diligence, could have located the oil lamps that were in the possession of the Anderson Fire Department. Delph responds that he should not be held accountable for the delay, as he was diligent in seeking the oil lamps and should not have been expected to search for them at the Fire Department.

On this point, we agree with Delph. The record reveals that on May 25, 2005, Delph's trial counsel inspected all physical evidence in the possession of the Anderson Police Department, and no lamps were present. On June 19, 2006, Delph's trial counsel asked the State for any photographs it might have taken of the lamps, believing them to have been destroyed. On August 9, 2006, Delph's trial counsel again reviewed the evidence in the custody of the Police Department, and there was no mention of oil lamps. Finally, on August 18, 2006, Delph learned that the oil lamps were in the custody of the Anderson Fire Department.

There is no evidence in the record to suggest that it is a common practice in Anderson, even in the case of arson, for evidence to be kept by the Fire Department such that Delph would have been expected to look there. Moreover, Delph actively sought the oil lamps for at least two months before he learned where they were and then required additional time to have them evaluated by an expert. Given the trial court's familiarity with common discovery practices in Madison County, and in the absence of any indication that Delph should have been expected to look for the lamps at the Fire Department, we cannot say that the trial court's ruling in this regard was clearly erroneous. *Cf. Clark v. State,* 659 N.E.2d 548, 552 (Ind. 1995) ("In the appellate review of [a case where trial court delayed trial due to court congestion], the trial court's explanations will be accorded reasonable deference, and a defendant must establish his entitlement to relief by showing that the trial court was clearly erroneous."). The trial court properly charged this delay to the State.

■ The State also contends that, even if the trial court properly charged this final delay to the State, it should have charged the State only with the time to Delph's motion for discharge and not to the final trial setting. On *this* point, we agree with the State. When a defendant files a Criminal Rule 4(C) motion for discharge, the delay that results is not chargeable to the State. *See Andrews v. State,* 441 N.E.2d 194, 199 (Ind.1982) ("Defendant's Motion for discharge was filed on November 14, 1980, so the crucial time period runs from June 16, 1978, to November 14, 1980, a total of eight hundred and eighty-two (882) days."). Delph filed his motion for discharge on September 28, 2006, sixteen days after the previous trial setting, so sixteen days should have been charged to the State, not sixty-three. In the end, the Criminal Rule 4(C) tally is 237 days. As such, Delph's motion for discharge pursuant to Criminal Rule 4(C) was premature and should have been denied. *See Bartley v. State,* 800 N.E.2d 193, 195 (Ind.Ct.App.2003) ("[O]ur courts have consistently held that when a motion for discharge for a Criminal Rule 4 violation is made prematurely, it is properly denied." (citation and quotation marks omitted)). We therefore reverse the trial court's grant of Delph's motion for discharge.

## IV. Renewal of Motion to Dismiss

■ Delph invites this court to revisit its motions panel's grant to the State of leave to file a belated brief. To the extent that Delph argues that Indiana Post–Conviction Rule 2 prohibits the State from

filing a late brief, we note that this argument was not made before the motions panel and therefore conclude that it is waived.[3] "An argument presented for the first time on appeal is typically waived." *Ha v. State*, 864 N.E.2d 1157, 1157 (Ind.Ct. App.2007). Keeping in mind this court's strong preference to decide cases on their merits, to the extent that Delph argues that this court should revisit the motion panel's decision on the merits of this issue, we decline to do so. *See, e.g., Collins v. State*, 639 N.E.2d 653, 655 n. 3 (Ind.Ct. App.1994) ("Generally, a party waives any allegation of error for which it fails to provide supporting citation of authority. However, because of our strong preference to decide issues on their merits, we fully addressed the issue." (citation omitted)), *trans denied.*

## Conclusion

We conclude that the trial court correctly charged the State with a delay of 221 days from the date Delph was charged to the original trial setting, as the State conceded below that it should have been charged 221 days. The 147–day delay at issue, however, should have been charged to Delph, as he acquiesced in it. As for the delay caused by the final trial setting, we conclude that it was properly charged to the State but that sixteen additional days (and not sixty-three) should have been charged to the State. Finally, we decline to dismiss this appeal on the basis that the State failed to file a timely Brief of Appellant. We reverse and remand with instructions that the State will have a

total of 128 days[4] to bring Delph to trial following certification of this opinion.

RILEY, J., and ROBB, J., concur.

**3.** Although this rule generally applies to arguments that a party failed to raise in the trial court, as opposed to an earlier motion in this court, we see no reason not to apply it with equal force in this context. In any event, Post–Conviction Rule 2 applies only to belated Notices of Appeal and not to a late Brief of Appellant.

**4.** This number reflects 365 days minus the 237 days properly charged to the State.