

FILED

Apr 24 2018, 9:10 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr
Attorney General

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Laura Sorge Fattouch
Sorge Law Firm, LLC
Lawrenceburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Daniel L. Myers, <br> *Appellee-Defendant* | April 24, 2018 <br><br> Court of Appeals Case No. <br> 69A01-1708-CR-1805 <br><br> Appeal from the Ripley Superior Court <br><br> The Honorable Darrell M. Auxier, Special Judge <br><br> Trial Court Cause No. <br> 69D01-1512-F6-152 |

**Vaidik, Chief Judge.**

## Case Summary

With some exceptions, Criminal Rule 4(C) guarantees a defendant the right to stand trial within one year of arrest or the date charges are filed, whichever is later. If, during the one-year period, the trial court sets a trial date beyond the

one-year period, the defendant is obligated to object in time for the court to reset the trial for a date within the one-year period, otherwise he acquiesces to the date. When a defendant fails to object timely, he cannot then move for discharge under Rule 4(C) when the one-year period expires.

In this case, 20 days before the one-year period was to expire, the court held a pretrial conference and set Myers's trial for a date beyond the one-year period. Myers did not object. Nevertheless, shortly after the period had expired, Myers moved for discharge under Rule 4(C), which the trial court granted. The State appeals and argues that by failing to object during the one-year period, Myers acquiesced to the trial date and waived his motion for discharge. We agree and reverse and remand for further proceedings.

# Facts and Procedural History

On December 3, 2015, the State charged Myers with three counts of drunk driving. As a result of numerous delays, some of which were attributable to Myers, the case was still pending in 2017. On May 26, 2017, the trial court held a pretrial conference at which a trial date was to be set. As of that date, 20 days remained in the one-year period under Rule 4(C)—that is, the State had until June 15 to bring Myers to trial.[1] But when the trial court asked if there

---

[1] This calculation is different from what the parties argued to the trial court. *See* Tr. Vol. II pp. 42-43 (Myers arguing that the period had expired, or at best, 2 days remained) and p. 44 (State arguing that 13 days remained in the one-year period). On appeal, however, the State's calculation is that there were 20 days remaining in the one-year period as of May 26, 2017, and Myers does not challenge this calculation.

was any Rule 4(C) issue, neither attorney raised any such concern. The trial was then scheduled for November 14, 2017, without objection from either side.

[4] On June 23, after the one-year period had expired, Myers filed a motion for discharge under Rule 4(C), explaining:

> At the May 26, 2017 telephonic pretrial, Defense Counsel had not completed an assessment of the Criminal Rule 4[(C)] issue. Following a conversation with the State, Defense Counsel began reviewing the timeline. Only on June 22, 2017 did Defense Counsel complete his calculations and determine that a Criminal Rule 4[(C)] issue existed.

Appellant's App. Vol. II p. 109. A hearing was held on the motion, and the State argued that Myers had acquiesced to the November 2017 trial date by not objecting when that date was set at the pretrial conference. Myers's attorney disagreed and reiterated that, as of May 26, he "didn't know that there was a CR 4 issue . . . ." Tr. Vol. II p. 68. He added that June 22 "was the date that I put the math together" and that he did not "believe that there was any unreasonable delay in sitting down and doing the calculation" on that day. *Id.* The trial court agreed that the motion was "early enough," *id.* at 69, and ordered Myers discharged.

[5] The State now appeals.

# Discussion and Decision

[6] The State contends that Myers waived the right to move for discharge under Rule 4(C) because he did not object to the November 2017 trial date during the pretrial conference at which that date was set. Rule 4(C) provides:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

[7] "The State's duty to try the defendant within one year is affirmative, and the defendant is under no obligation to remind the State of its duty." *State v. Delph*, 875 N.E.2d 416, 420 (Ind. Ct. App. 2007), *trans. denied*. If, however, during the one-year period, the court sets a trial date that is beyond the one-year period "and the defendant is or should be aware that the setting is beyond that period, it is his obligation to object at the earliest opportunity so that the court can reset the trial for a date within the proper period." *Id.* If the defendant sits idly by

and does not object to the trial date, he will be deemed to have acquiesced to the date. *Id.*

[8] Here, it is undisputed that Myers did not object during the one-year period. The State had 20 days remaining in the one-year period when the pretrial conference was held on May 26. At that conference, the trial court asked either party if there was any Rule 4(C) issue, but neither party expressed any concern. Trial was then set for November 2017. Myers did not object. Once the trial court asked about any Rule 4(C) issue, Myers was made aware that an issue may exist. Myers, however, did not calculate the Rule 4(C) deadline until June 22—7 days after the one-year period expired—and then moved for discharge.[2]

[9] Nevertheless, Myers contends that his motion was timely because he filed it "the same day he made the calculation of the time period remaining under Rule 4(C)." Appellee's Br. p. 10. Myers cites *Havvard v. State*, presumably for the following proposition: "When a defendant **learns** within the period provided by the rule that the case is set for trial at a time beyond the date permitted, the defendant must object to such a trial setting at the earliest opportunity." 703 N.E.2d 1118, 1121 (Ind. Ct. App. 1999) (emphasis added). Myers renews his argument and takes the position that this passage allows a defendant to object

---

[2] Throughout his brief, Myers refers to his June 23 filing as an "objection." *See* Appellee's Br. pp. 5-7, 9-10. But because the document was filed after the one-year period had expired, it was a motion for discharge, not an objection. *See Martin v. State*, 419 N.E.2d 256, 259 (Ind. Ct. App. 1981) (explaining the difference between an objection to a trial date—made during the one-year period—and a motion for discharge—made after the one-year period expires).

to a trial date when he "learns" that the date is outside of the one-year period, regardless of when he "learns" that fact. The first problem with his contention is that *Havvard* also states that "[a]n objection must be lodged **in time to permit the trial court to reset the trial for a date within the proper period.**" *Id.* (emphasis added). In this case, there is no question that Myers did not alert the trial court in time to permit it to reset the trial for a date within the one-year period.

[10] Furthermore, we are not convinced that the use of the word "learns" in *Havvard* was meant as an invitation for a defendant to calculate the Rule 4(C) deadline at his convenience, as Myers contends. This would eliminate the defendant's burden to object during the one-year period to a trial date that is set beyond the deadline. Ideally, Myers's attorney would have been tracking the Rule 4(C) deadline since the beginning of the case and would have objected as soon as the court mentioned a November 2017 trial date. At the very least, Myers's attorney should have calculated the deadline reasonably soon after the pretrial conference—**at which the trial court specifically inquired about Rule 4(C)**— and objected with time still remaining in the one-year period. Instead, Myers waited nearly thirty days to do the calculation and alert the court that the trial was set for a date beyond the one-year period. Because Myers failed to object to the November 2017 trial date before the one-year period expired, he acquiesced to the trial date and waived any claim to discharge under Rule 4(C). *See State v. Black*, 947 N.E.2d 503, 509 (Ind. Ct. App. 2011) (concluding that defendant acquiesced to the trial date beyond one-year period and waived his

right to be discharged under Rule 4(C) by not objecting before period expired); *cf. Havvard*, 703 N.E.2d at 1121 (holding that a 47-day delay before objecting to a trial date beyond the one-year period was not unreasonable because the State still had 4 months before the period expired).[3]

Of course, this does not mean that the State is now free to try Myers whenever it pleases. As of May 26, the State had 20 days left on its one-year period under Rule 4(C). Therefore, within 7 days of this opinion being certified, the trial court shall hold a hearing and, if Myers demands it, set a trial within 20 days of the hearing. If court congestion prevents the court from setting a date within that timeframe, the court should make an explicit finding to that effect and set the trial for the next available date.

Reversed and remanded.

May, J., and Altice, J., concur.

---

[3] Myers also contends, "Even if the trial judge had been aware of the twenty-day (20) day time period remaining at the telephonic pretrial conference on May 26, 2017, it is unlikely the judge would have been able to set a trial date before the time period expired." Appellee's Br. p. 10. There is nothing in the record to indicate whether the trial could have been held before the expiration of the one-year period. And even if court congestion would have prevented that, it is well established that the one-year period can be extended due to court congestion. *See Logan v. State*, 16 N.E.3d 953, 961 (Ind. 2014).