


FILED

Mar 25 2024, 10:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Jack Wayne Ferman,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

March 25, 2024

Court of Appeals Case No.
23A-CR-1916

Appeal from the Fayette Circuit Court

The Honorable Paul L. Freed, Special Judge

Trial Court Cause No.
21C01-2002-F4-77

---

**Opinion by Judge Vaidik**
Judges May and Kenworthy concur.

**Vaidik, Judge.**

## Case Summary

[1] Nearly three-and-a-half years after being charged, Jack Wayne Ferman moved for discharge under Indiana Criminal Rule 4(C), claiming the State failed to bring him to trial within the one-year period established by that rule. The trial court denied the motion, and Ferman now brings this interlocutory appeal.

[2] In arguing he is entitled to discharge, Ferman asserts the trial court improperly charged two delays to him. These delays are due to neither party filing a request to "call a jury" as required by a Fayette County local rule. Ferman claims the local rule conflicts with Criminal Rule 4(C) because it places a duty on defendants to file a request to call a jury and charges defendants with delays when a jury trial is continued. Because the State has an affirmative duty to bring defendants to trial, we find that the local rule conflicts with Criminal Rule 4(C) and is therefore invalid.

[3] However, even charging these delays to the State, the State still had a week left to bring Ferman to trial when he moved for discharge. Because Ferman's motion was premature, we affirm the trial court's denial of the motion.

## Facts and Procedural History

[4] On February 3, 2020, the State charged Ferman with Level 4 felony promotion of human trafficking and Level 5 felony promoting prostitution in Fayette

County.[1] According to Criminal Rule 4(C), Ferman was required to be tried no later than February 3, 2021, unless the period was extended by delays caused by Ferman, court congestion, or emergency. This case was still pending nearly three-and-a-half years later when, on July 3, 2023, Ferman moved for discharge under Criminal Rule 4(C).

[5] The parties agree that the 4(C) clock did not run for several periods during the first year, mainly due to tolling from the COVID-19 pandemic. Accordingly, we focus on the periods where there is no agreement. A jury trial was scheduled for September 28, 2020. Three days before trial was set to begin, Ferman moved to continue the trial, and the trial court rescheduled it to January 11, 2021. Appellant's App. Vol. II pp. 102-03. In December, Ferman again moved to continue the trial, and the court rescheduled it to March 15, 2021. *Id.* at 105-06.

[6] Although the record does not say why, a trial did not occur on March 15 as scheduled. On appeal, the parties tell us the trial did not occur because neither party asked the trial court to "call a jury" as required by Fayette County Local Criminal Rule LR21-CR00-CR-16 ("Fayette County Local Rule CR-16"), which provides:

> The Court will not summons a jury unless a party has filed a
> request to call a jury no more than[] twenty-eight (28) days but

---

[1] The State later added four additional counts of Level 4 felony promotion of human trafficking, two additional counts of Level 5 felony promoting prostitution, three counts of Level 5 felony stalking, and three counts of Level 6 felony intimidation. Despite the added charges, the parties agree that the 4(C) clock started to run on February 3, 2020.

no less than seventeen (17) days prior to the trial. Failure to timely file a request may result in a continuance of the jury trial on the Court's own motion. Nothing in this rule is intended to prevent the Court from calling a jury on its own motion.

On March 19, the State asked the trial court to set a new trial date, and the court set one for August 23 with a pretrial conference on August 4. *Id.* at 107-08.

[7] In July, Ferman moved to continue the pretrial conference, and the trial court rescheduled the pretrial conference to September 8 and the trial to September 20. *Id.* at 109-11. Following six additional motions to continue by Ferman, the trial was eventually rescheduled to January 30, 2023. *See id.* at 112-14, 116-17, 118-19, 120, 121-22, 127-28.

[8] A trial, however, did not occur on January 30 as scheduled. A few days later, on February 3, the trial court issued the following order:

> Defendant failed to file a motion for continuance of the Jury Trial or a request to call a Jury within the time frame of Local Criminal Rule LR21-CR00-CR-16, resulting in a continuance of the Trial Date. The Court now continues the Jury Trial scheduled for January 30, 2023, and resets it for a trial date on May 8, 2023, at 9:00 a.m. in the Fayette Circuit Court.

*Id.* at 129. On May 4, the State moved to continue the May 8 trial. That day, the court rescheduled it for July 10 with a pretrial conference on June 16.[2] *Id.* at 131-32. As explained more fully below, Ferman later alleged that the State had only until June 30 to bring him to trial under Criminal Rule 4(C). Ferman, however, did not object to the continuance or the July 10 date as being outside the one-year period.

[9] At the June 16 pretrial conference, which Ferman and his attorney attended, the State moved to continue the July 10 trial, and the trial court rescheduled it for August 14. At the hearing, Ferman did not object to the date even though it was after June 30. *Id.* at 133.

[10] Instead, about a week later, on June 22, Ferman filed a written objection to the August 14 trial date. Ferman alleged that, according to his calculations, the State had only until June 30 to bring him to trial. *Id.* at 135. In his calculations, Ferman charged to the State the delays that occurred when the March 15, 2021 and January 30, 2023 trials were not held.[3] On June 30, the State filed a response in which it argued that those delays were not chargeable to it and that "[t]he current jury trial setting of August 14, 2023, is well within the time frame

---

[2] It's unclear whether the pretrial conference was held on June 14 or 16. Because the trial court's "Memorandum and Order on Pre-trial Conference" is dated June 16, we use that date.

[3] Ferman claims that an "informal" hearing was held on June 27. Appellant's Br. p. 7. The State does not mention that such a hearing was held on June 27. Because the CCS doesn't reflect that a hearing was held on June 27 and we have neither a transcript nor an order from that date, we cannot consider anything that may have happened then.

required by Indiana Criminal Rule 4 and should be confirmed." *Id.* at 136 (calculating that it had 222 days left to bring Ferman to trial).

[11] The August 14 trial date was not changed, and on July 3 Ferman moved for discharge under Criminal Rule 4(C). A hearing was held on July 13. At the hearing, the trial judge said Ferman was essentially challenging the validity of Fayette County Local Rule CR-16. The judge noted that the local rule "long predate[d]" him and that he couldn't "even find when it was first enacted." Tr. p. 10. Nevertheless, the judge said he was denying Ferman's motion for discharge because the local rule was valid and the delays were not chargeable to the State under Criminal Rule 4(C):

> The burden that is placed on the litigant is to file a very simple form or notice to the Court that they're prepared and wish to have a Jury physically summoned to the Court room on the day of the trial as previously scheduled. I don't think that's really an undue burden on the exercise of the Defendant's rights. It's very little cost, very little time and the attorneys all are familiar with it.

*Id.* (cleaned up). The judge later issued a written order memorializing its oral ruling and holding that defendants "should be required to comply with the local rule or suffer the consequence of the time subsequent to the scheduled trial date being attributable to" them under Criminal Rule 4(C). Appellant's App. Vol. II p. 143.

[12] Ferman sought and received permission to bring this interlocutory appeal.[4]

## Discussion and Decision

[13] Ferman contends the trial court erred in denying his motion for discharge under Criminal Rule 4(C). When, as here, the relevant facts are undisputed and the issue presents a question of law, our review is de novo. *State v. Larkin*, 100 N.E.3d 700, 703 (Ind. 2018), *reh'g denied*.

[14] At the time of the proceedings below, Criminal Rule 4(C) provided:

> **(C) Defendant Discharged.** No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Provided further, that a trial court may take note of congestion or an emergency without the necessity of a motion, and upon so finding may order a continuance. Any continuance granted due to a congested calendar or emergency shall be reduced to an order, which order shall also set the case for trial within a reasonable time. Any defendant so held shall, on motion, be discharged.

---

[4] The trial-court proceedings have been stayed pending this interlocutory appeal. *See* Appellant's App. Vol. II p. 159.

Ind. Crim. Rule 4(C) (2023).[5] This rule "places an affirmative duty on the State to bring a defendant to trial within one year of being charged or arrested, but allows for extensions of that time for various reasons." *Cook v. State*, 810 N.E.2d 1064, 1065 (Ind. 2004). Defendants are under no obligation to remind the State of its duty or to remind the trial court of the State's duty. *Gibson v. State*, 910 N.E.2d 263, 266 (Ind. Ct. App. 2009). Defendants, however, extend the one-year period "by seeking or acquiescing in delay resulting in a later trial date." *Battering v. State*, 150 N.E.3d 597, 601 (Ind. 2020) (quotation omitted), *reh'g denied*; *see also* Crim. R. 4(F) (2023) ("When a continuance is had on motion of the defendant, or delay in trial is caused by his act, any time limitation contained in this rule shall be extended by the amount of the resulting period of such delay caused thereby.").

## I. Fayette County Local Rule CR-16 conflicts with Indiana Criminal Rule 4(C) and is therefore invalid

[15]    Ferman first argues that Fayette County Local Rule CR-16 conflicts with Criminal Rule 4(C) and is therefore invalid. Indiana trial courts are authorized to establish local rules for their own governance. *Ramirez v. State*, 186 N.E.3d

---

[5] Criminal Rule 4 was amended effective January 1, 2024, and subsection (C) now provides:

**(C) Defendant Not in Jail--One Year Limit.** No person can be held on recognizance or otherwise to answer a criminal charge for a period in aggregate exceeding one year from the date the criminal charge against such defendant is filed, or from the date of the arrest on such charge, whichever is later. Delays caused by a defendant, congestion of the court calendar, or an emergency are excluded from the time period. If a defendant is held beyond the time limit of this section and moves for dismissal, the criminal charge against the defendant must be dismissed. The one-year time limit does not apply to a retrial following a mistrial or vacation of a conviction or sentence following a motion to correct error, appeal, post-conviction relief, or habeas corpus proceedings. The trial court must commence the retrial within a reasonable time.

89, 94 (Ind. 2022); Ind. Code § 34-8-1-4; Ind. Trial Rule 81. Local rules, however, must supplement, not conflict with, "the rules prescribed by the supreme court or any statute." I.C. § 34-8-1-4. When there is a conflict, the local rule is "without force and effect." *Ramirez*, 186 N.E.3d at 94.

[16] Criminal Rule 4(C) requires the State to bring a defendant to trial within one year of being charged or arrested. However, delays caused by the defendant, court congestion, or emergency are excluded from the one-year period. The State has an affirmative duty to bring the defendant to trial, and the defendant does not have to take any action to make sure he is brought to trial within that period. Fayette County Local Rule CR-16, however, places a duty on the State **and** the defendant to file a request to "call a jury." *See* Fayette County Local Rule CR-16 ("The Court will not summons a jury unless **a party** has filed a request to call a jury . . . ." (emphasis added)). And if a request is not timely filed, the jury trial may be continued. *See id.*

[17] Here, two trial settings were continued because neither the State nor Ferman filed a request to call a jury. According to the trial court's interpretation of Fayette County Local Rule CR-16, if neither party files a request to call a jury and the jury trial is continued, the resulting delay is charged to the defendant, not the State. Ferman asserts this conflicts with Criminal Rule 4(C):

> Under those circumstances, Fayette County attributes trial
> delays, under Criminal Rule 4, to a Defendant – even though the
> Defendant has no duty to bring himself to trial under Criminal
> Rule 4. Practically, the local rule absolves the State of its

> "affirmative duty" to timely prosecute a defendant and instead requires a defendant to bring himself to trial.

Appellant's Reply Br. p. 5. We agree with Ferman. The trial court's interpretation of Fayette County Local Rule CR-16 means that when a jury trial is continued because neither party filed a request to call a jury, the resulting delay does not count toward the one-year period. This conflicts with Criminal Rule 4(C), which places an affirmative duty on the State to bring defendants to trial within one year. Fayette County Local Rule CR-16 is thus invalid because it places a duty on defendants to file a request to call a jury and charges defendants with delays when the jury trial is continued. As explained in more detail below, these delays count toward the 4(C) clock.[6]

## II. Ferman is not entitled to discharge under Criminal Rule 4(C)

[18] Ferman claims that once these delays are properly charged to the State, he is entitled to discharge under Criminal Rule 4(C). The State responds that even if these delays count toward the one-year period, it still had time to bring Ferman to trial when he moved for discharge and therefore his motion was premature. In making this argument, the State acknowledges that its calculations on appeal

---

[6] Although the State claims that Fayette County Local Rule CR-16 does not conflict with Criminal Rule 4(C), it concedes that it was error for the trial court to attribute the delays to Ferman because it had the affirmative duty to bring him to trial. *See* Appellee's Br. pp. 12, 14. Ferman says that "[t]he State's concession is a tacit acknowledgment of the local rule's conflict with Criminal Rule 4 and its progeny." Appellant's Reply Br. p. 4. We agree.

are different than the prosecutor's calculations below. *See* Appellee's Br. p. 11 n.2.

[19] Ferman asserts the State has waived any new calculation of Criminal Rule 4(C) time because it conceded that his calculations were correct:

> Even if the State is correct and the CR4 time was miscalculated, the State (via the Fayette County prosecutor) conceded below that Ferman's calculations were correct and not in dispute. (Tr. 5). Indeed, the trial court even noted in its Order denying discharge that the timing calculations were not in dispute. (Appellant's App. Vol II at 143). Thus, any new calculation of time by the State is waived for failing to object to Ferman's calculations in the trial court.

Appellant's Reply Br. p. 6. We find no waiver by the State. First, the State did not concede below that Ferman's "calculations were correct and not in dispute." Rather, as the State summarized each continuance that Ferman had sought, it paused and said to the trial court, "I'm actually reading from his motion, so this is not disputed . . . ." Tr. p. 5. In other words, the State pointed out to the court that Ferman himself acknowledged the various continuances he had sought.

[20] Second, the trial court did not find in its order that Ferman's "calculations were correct and not in dispute." Rather, the trial court's order provides:

> **The relevant chronology of the proceedings of the case is set out in Defendant's motion and is not in dispute**, though the State filed a responsive motion objecting to Defendant's

calculation of credit time, the State relying upon the application of Fayette County Local [R]ule LR21-CR00-CR-16.

Appellant's App. Vol. II p. 143 (emphasis added). Contrary to Ferman's claim, the trial court stated that the "chronology" of the proceedings—not the Criminal Rule 4(C) calculations—were not in dispute. In fact, the court pointed out that the State had objected to Ferman's calculations. Because the State did not waive this issue, we proceed to the merits.

[21] The parties agree that as of March 14, 2021, 45 days of the 4(C) clock had run. A trial was supposed to be held on March 15 but didn't occur because neither party filed a request to call a jury. The State asked the court to set a new trial date, and the court set one for August 23 with a pretrial conference on August 4. The State concedes on appeal that the 4(C) clock ran from March 15, when the trial was supposed to happen but didn't, to August 23, when the trial was rescheduled, because it had a duty to bring Ferman to trial. This amounts to 162 days (for a total of 207 days of 4(C) time). Thus, as of August 23, the State had 158 days to bring Ferman to trial.

[22] Ferman moved to continue the August 4 pretrial conference, and the trial court rescheduled the pretrial conference to September 8 and the trial to September 20. Although Ferman only moved to continue the pretrial conference, he did not object when the trial court also rescheduled the closely related trial date in response to his motion and thus acquiesced to the new trial date. *See Battering*, 150 N.E.3d at 601 (holding that defendants extend the one-year period by seeking or acquiescing in delay resulting in a later trial date). Following six

additional motions to continue by Ferman, the trial was eventually rescheduled to January 30, 2023. The State claims that the period of August 24, 2021, to January 30, 2023 (the new trial date due to all of Ferman's continuances) does not count toward the 4(C) clock because Ferman is the one who requested the continuances.[7] We agree. Thus, as of January 30, the State still had 158 days to bring Ferman to trial.

[23] A trial did not occur on January 30 because neither party filed a request to call a jury, and the court rescheduled it for May 8. The State concedes on appeal that the 4(C) clock ran from January 31 to May 8 because it had a duty to bring Ferman to trial. This amounts to 98 days (for a total of 305 days of 4(C) time). Thus, as of May 8, the State had 60 days to bring Ferman to trial.

[24] On May 4, the State moved to continue the May 8 trial. That day, the trial court rescheduled it to July 10. According to the premise of Ferman's motion for discharge, the State had only until June 30 to bring him to trial. Ferman, however, didn't object to the continuance or to the July 10 date as being outside the one-year period. "[A] defendant generally waives rights under Rule 4(C) by failing to offer a timely objection to trial dates set outside the one-year limitation, unless the setting of that date occurs after the one-year period has expired." *Battering*, 150 N.E.3d at 601; *see also Brown v. State*, 725 N.E.2d 823, 825 (Ind. 2000). "If a defendant faced with a trial set outside the prescribed one-

---

[7] Ferman largely agrees that this period does not count toward the 4(C) clock. *See* Appellant's Reply Br. p. 7 (claiming that the clock did not run from August 30, 2021, to January 30, 2023).

year period fails to object at the earliest opportunity, he is deemed to have acquiesced to the belated trial date." *Havvard v. State*, 703 N.E.2d 1118, 1121 (Ind. Ct. App. 1999). Ferman thus acquiesced to the July 10 trial date.[8]

[25] As the State points out, when Ferman moved for discharge on July 3, the State still had a week to bring him to trial. *See* Appellee's Br. pp. 14-15 n.5. Thus, Ferman's motion for discharge was filed too early. And when Ferman moved for discharge, it stopped the 4(C) clock. *See State v. Delph*, 875 N.E.2d 416, 421 (Ind. Ct. App. 2007) ("When a defendant files a Criminal Rule 4(C) motion for discharge, the delay that results is not chargeable to the State."), *reh'g denied, trans. denied*.

[26] Because the State still had a week to bring Ferman to trial when he moved for discharge, the trial court properly denied his motion for discharge. Following the certification of this opinion, the State has seven days to bring Ferman to trial (subject to the other provisions of Criminal Rule 4(C)).

[27] Affirmed.

---

[8] Although Ferman acknowledges that he was required to object when the trial court set the trial outside the one-year period, he appears to claim that not agreeing to the State's motion to continue (which led to the trial being scheduled outside the one-year period) is the same thing as objecting. *See* Appellant's Reply Br. p. 9 ("In this matter, it is true that Ferman did not lodge an express objection to the State's continuances. But, more importantly, the record is clear that he *did not agree* to the State's continuances."). Silence is **not** the same thing as an objection.

May, J., and Kenworthy, J., concur.

ATTORNEYS FOR APPELLANT

Michael C. Cunningham
Baldwin, Perry, & Wiley, P.C.
Franklin, Indiana

Judson G. McMillin
Zachary J. Anderson
Mullin, McMillin & McMillin, LLP
Brookville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General

Caroline G. Templeton
Supervising Deputy Attorney General
Indianapolis, Indiana