STATE OF INDIANA ON THE RELATION OF PAUL JOSEPH BROWN *v.* THE HANCOCK COUNTY SUPERIOR COURT, HONORABLE WESLEY W. RATLIFF, JR., SPECIAL JUDGE.

[No. 377S218. Filed February 6, 1978.]

*George J. Lewis, Lineback & Lewis,* of Greenfield, for relator.

*James F. Kelley,* Prosecuting Attorney, *Thomas Kuntz,* Deputy Prosecuting Attorney, of Indianapolis, for respondents.

PRENTICE, J.—This is an original action for a writ of mandate against the Superior Court of Hancock County and The Honorable Wesley W. Ratliff, Jr., Special Judge thereof, to compel the discharge of the defendant (relator) under Criminal Rule 4(C).

The issue before us is whether or not a sixteen month period which elapsed between the date the defendant struck and the date the Special Judge was appointed was a delay chargeable to the defendant. If, as contended by the defendant, it was not, he was entitled to discharge, and the writ should be granted.

The motion for a change of judge was filed by the defendant pursuant to Criminal Rule 13. On the day following the grant of the motion, the defendant, by written notice filed with the court, struck one name from the panel of judges named. Nothing further was done for over sixteen months, at which time the State requested the regular judge to select the special judge from the names remaining upon the panel, pursuant to Criminal Rule 13(5), which motion was granted; and the respondent judge was named as special judge. The special judge, thereafter, qualified and set the cause for trial, whereupon the defendant filed a Criminal Rule 4(C) motion for discharge, which was denied.

We have previously held that a delay occasioned by a de-

fendant's filing of a motion for a change of judge is chargeable to him and that the time begins to run anew when the new judge qualifies and assumes jurisdiction. *State* v. *Grow,* (1970) 255 Ind. 183, 186, 263 N.E.2d 277; *Wedmore* v. *State,* (1957) 237 Ind. 212, 216, 143 N.E.2d 649.

The defendant argues that by striking one name from the panel of nominated special judges he had done all that was required of him and cites us to *Zehrlaut* v. *State,* (1951) 230 Ind. 175, 102 N.E.2d 203, which held that a defendant, although admitted to bail, was not required to assume the burden of having himself brought to trial within the statutorily prescribed time. We agree that the rule of that case is still the law. However, we do not find it applicable to the case before us, because it does not reckon with delays occasioned by the defendant in the exercise of his other trial prerogatives.

Criminal Rule 13 provides that the party filing a change of judge shall bring it to the attention of the presiding judge. We hold that this places the obligation upon that party to take the initiative in the change proceedings and to follow through to see that they are completed. We believe that this is not too great a burden to assume in return for the grant of the change and the benefits of our speedy trial rules.

Nor do we believe *Barker* v. *Wingo,* (1972) 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 is applicable. That case dealt with the balancing of rights under the speedy trial rights guaranteed by the Constitution of the United States. Our Criminal Rule 4 was adopted to implement those rights under both the Constitution of the United States and the Constitution of this State. The constitutional provisions, however, do not guarantee a trial within specifically prescribed periods of time, as does our rule. Although we may not attach condi-

tions to the exercise of constitutional rights, we may prescribe reasonable terms for discharge under our rule. The motion for discharge below and the writ application before us were not litigated upon the basis of the defendant's rights to a speedy trial under the constitutional provisions, which are not nearly so demanding of the state as are the provisions of our rule. Rather, the litigation proceeded upon the basis of the defendant's rights under our rules, and we hold that he did not qualify for discharge thereunder.

The writ is denied.

Givan, C.J., and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 372 N.E.2d 169.