Thomas Cox, Appellant,

v.

STATE of Indiana, Appellee.

No. 680S177.

Supreme Court of Indiana.

April 22, 1981.

Robert Graves, Donald Scheer, Marion, for appellant. .

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On October 30, 1979, appellant Cox was found guilty of murder by a jury in Grant Circuit Court. He was sentenced to forty years with an additional ten years added for aggravating circumstances. He appeals.

Appellant alleges errors concerning the trial court's jurisdiction, a refusal to grant a motion for a change of venue, a witness being permitted to testify, the sufficiency of the evidence and whether the verdict was contrary to law, and sentencing.

The evidence at trial revealed that Jerome Evans was shot in the back at the "Little Harlem Tavern" in the early morning hours of February 23, 1979. An autopsy revealed that the victim bled to death as a result of a gunshot wound to the heart and aorta, fired from a distance of approximately three to five feet. The victim and the appellant were involved in an argument before 11:30 p. m. on February 22. Subsequent to the argument and prior to the shooting, the appellant told Maxine Weatherly that he and Evans had had a fight earlier that evening and advised her to duck down if Evans came in the door, because he was "going to blow his damn brains out." Cox came into the bar carrying a sawed-off shotgun. He walked to the bar where the victim was standing, pointed the gun and fired it at Evans, who was turning. Evans reached for Cox, struggled with him and then fell to the floor. Cox and his two brothers began kicking the victim, who was lying on the floor. Cox finally kicked the victim in the head and hit him with the gun barrel. He stated that if he wasn't dead he was going to finish him. One of the appellant's brothers picked up the gun, handed it to Cox and they left the tavern. No weapon was found on the body of the victim and no weapon was seen in the victim's possession at the time of the incident.

I.

Appellant argues that the trial court erred in reassuming jurisdiction of this cause. Defendant filed a motion for change of venue from the Judge, The Honorable Morris Hall, on March 1, 1979. Judge Hall granted this motion and named a panel from which the parties were to strike and select a special judge on March 1. On March 13, 1979, the trial court reassumed jurisdiction upon the failure of the defendant to strike from that panel. Appellant objects to the denial of his Motion for change of judge because he claims he did not receive notice of the court's appointment of a panel and demands that he be allowed to strike.

Judge Hall disqualified himself to serve as judge due to the serious illness of his wife on August 13, 1979. The parties, by agreement, selected Thomas Newman, Jr., as special judge pending his qualification and assumption of jurisdiction. On August 20, 1979, Thomas Newman, Jr., qualified and assumed jurisdiction. Appellant now argues that the regular judge, The Honorable Morris Hall, erred in reassuming jurisdiction. He claims that counsel did not receive notice of the panel, and therefore had no opportunity to strike.

▮ Criminal Rule 13 provides that the party filing an application or motion for a change of judge shall bring it to the attention of the presiding judge. Our court has held that this places the obligation upon that party to take the initiative in the change proceedings and to follow through to see that they are completed. *State ex rel. Brown v. Hancock County Superior Court*, (1978) 267 Ind. 546, 372 N.E.2d 169. In addition, it is clear that the defendant by agreement with the other parties selected Thomas Newman, Jr., as the special judge herein. There is no error on this issue.

II.

Appellant also claims the trial court erred in not granting his motion for change of

venue from the county. He claims that the trial judge was without jurisdiction to hear the motion based on his claim that he erroneously reassumed jurisdiction, which was treated in Issue I, supra.

Appellant also claims that he was statutorily entitled to a change of venue as a matter of right because his case was a case where the punishment might have been death. Ind.R.Crim.P. 12. This issue has been recently addressed by this court in *Hall v. State*, (1980) Ind., 405 N.E.2d 530. Here, as in that case, it is true the defendant was charged with murder, Ind.Code § 35–50–2–3 (Burns 1979 Repl.). However, it is also true that the penalty of death applies to that crime only when certain aggravating circumstances are alleged and proved. None of these aggravating circumstances was alleged or shown in this case, so the death penalty was not applicable here. Cox was not erroneously denied a mandatory change of venue. *Id.*, 405 N.E.2d at 533.

## III.

Appellant next claims that the trial court erred in allowing a State's rebuttal witness to testify when he had violated the court's separation of witnesses order.

It is within the discretion of the trial court to permit a witness to testify, even though he has violated a separation order, in the absence of connivance or collusion by the party calling the witness. *O'Connor v. State*, (1980) Ind., 399 N.E.2d 364.

The record reveals that following the conclusion of Cox's testimony the State called Cleo Richardson to contradict certain statements. Cox objected and the prosecutor stated that he had kept careful watch to keep witnesses out of the courtroom, but that he did not recognize Mr. Richardson as he had never seen him before that time. He also added that Richardson's testimony did not become relevant until the defendant testified. Cleo Richardson testified that he was notified that he would be asked to testify approximately thirty minutes before he was called.

Richardson testified generally about the relationship between Cox and the deceased. He testified that they had had a karate school and grew up together and worked together. Cox and Evans had had arguments and fights and Richardson had acted as a "go between" to try to smooth over these disputes.

Cox claims that Richardson's testimony was prejudicial because it emphasized that he had stated that he was going to kill Evans. Our review reveals that much of the testimony focused on the relationship of these men and emphasized that the deceased had wanted to go out and fight and that Cox did not want to fight. Richardson stated that Evans had beaten up Cox and that Cox was looking for Evans. Other testimony stated that Cox would call Evans a "fag" or "punk" and that Evans didn't do anything about it. The exchanges were verbal, not physical. Both men were holders of black belts in karate.

The record reveals no connivance or collusion by the prosecutor who called this witness. There was also no evidence that the challenged testimony was prejudicial. Much of it was inaudible and the appellant has not specified how it prejudiced him. The ruling of the trial court will not be disturbed unless there is a manifest abuse of discretion. *Buchanan v. State*, (1975) 263 Ind. 360, 332 N.E.2d 213. There is no such showing here and no error on this issue.

## IV.

The appellant next claims that the State failed to negate his claim of self-defense and claims that therefore the jury's verdict was not supported by sufficient evidence and was contrary to law. To prevail on a claim of self-defense the defendant must have acted without fault, have been in a place where he had a right to be and have been in danger of death or great bodily harm. *Hoover v. State*, (1978) Ind., 376 N.E.2d 1152; *White v. State*, (1976) 265 Ind. 32, 349 N.E.2d 156. The final determination of whether the State met its burden to prove that the appellant did not fulfill one of these requirements rested with the trier of fact. *White v. State, supra.*

The evidence as previously set out revealed that Cox and the victim were involved in an argument before the shooting incident. Cox had told Ms. Weatherly that he was going to "blow his (the victim's) brains out." Five witnesses testified that Cox entered the bar and, without provocation, shot the victim with a shotgun. Then Cox and his brothers kicked and hit the victim while Cox stated that "if he wasn't dead he was going to finish him." No weapon was found on the victim and none was seen in his possession at the time of the shooting. The evidence was thus sufficient to support the jury's verdict that the defendant shot the victim purposely and maliciously and was not acting in self-defense.

### V.

Finally, appellant raises an issue on sentencing. Appellant was sentenced to forty years with an additional ten years added for aggravating circumstances. The court found aggravating circumstances in that the appellant, without provocation, shot and killed the victim and then stated "if he is not dead I will shoot him again." The court found that there was no self defense necessitated by the circumstances and that the deceased was unarmed. The court found that there were no mitigating circumstances.

Ind.Code § 35–4.1–3–7 (Burns 1979) enumerates both mitigating and aggravating circumstances that the court may consider, but this listing does not limit the factors which may be considered. *Holmes v. State*, (1980) Ind., 398 N.E.2d 1279; *Harris v. State*, (1979) Ind., 396 N.E.2d 674.

In addition, the record also reflects that the court considered the presentence report which included felony convictions. At the sentencing hearing the prosecutor also stated that the defendant was on parole at the time he committed the crime, and this was not objected to or contradicted. *See Rowley v. State* (1979), Ind., 394 N.E.2d 928.

We do not find that the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.R.App.Rev.Sen. 2(1); *McNew v. State*, (1979) Ind., 391 N.E.2d 607.

Judgment affirmed.

All Justices concur.