Julie **JOHNSON**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 24A04–9809–CR–474.

Court of Appeals of Indiana.

April 22, 1999.

Transfer Denied June 30, 1999.

---

Leanna Weissmann, Rising Sun, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

ROBB, Judge

### Case Summary

Appellant–Defendant, Julie Johnson ("Johnson") files this interlocutory appeal from the trial court's refusal to grant her motion to dismiss because she was not brought to trial within one year as required by Criminal Rule 4(C). We affirm.

### Issues

Johnson raises the following issue which we restate as:

Whether the trial court erred in calculating the delay attributable to her for purposes of determining the date by which the State was required to bring her to trial pursuant to Criminal Rule 4(C).

*Facts and Procedural History*

On September 29, 1995, Johnson was charged with battery, a Class A misdemeanor, for slapping the victim. She was served with a summons on October 19, 1995, which ordered her to appear in Franklin Circuit Court on November 17, 1995, to answer the criminal charge. On November 9, 1995, Johnson filed a change of judge motion which was granted. On November 21, 1995, the trial court approved the selection of Gary McCarty as special judge.

After the special judge was selected, there was no documented activity in the case until October 7, 1996, when the State filed a motion to set a trial date. Special Judge McCarty filed a written order in which he qualified and assumed jurisdiction on Johnson's case on October 17. On that same day he granted the State's motion and set the trial date for February 19, 1997. On February 13, 1997, Johnson filed a motion to dismiss alleging that her trial date was not scheduled in a timely manner in violation of Criminal Rule 4(C).

On February 18, 1997, the special judge entered an order recusing himself stating that the State expressed some concern about a statement he made in late–1995 prejudging the penalty to Johnson in advance of the trial. He did not rule on Johnson's motion to dismiss. On February 19, 1997, Judge Pflum was appointed special judge, and on February 27, he assumed jurisdiction.

On June 4, 1997, Johnson's motion to dismiss was denied and the trial was set for July 17, 1997. On June 27, 1997, Johnson filed a Motion to Correct Errors. Pursuant to that motion, Special Judge Pflum vacated the trial date and scheduled a hearing on Johnson's motion, which was denied on October 6, 1997. On November 4, 1997, Johnson, intending to effect an interlocutory appeal, filed a praecipe for the record of proceedings in the trial court. However, she failed to apply to the trial court to certify its June 4 order denying her motion to dismiss. Therefore, her first attempt to perfect an interlocutory appeal failed. On August 31, 1998, Johnson requested that the trial court certify its June 4, 1997, order for interlocutory appeal. The trial court certified its order that same day. On October 15, 1998, this court accepted jurisdiction of Johnson's interlocutory appeal.

*Discussion and Decision*

Criminal Rule 4(C) states:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar.... Any defendant so held shall, on motion, be discharged.

The State bears the burden of bringing the defendant to trial within one year. *State v. Hurst,* 688 N.E.2d 402, 408 (Ind.1997). The duty to bring the defendant to trial within one year is an affirmative one which rests with the State. *Staples v. State,* 553 N.E.2d 141, 143 (Ind.Ct.App.1990), *trans. denied.* Criminal Rule 4(C) relieves the State from that duty only for a delay caused by the defendant's own act or a continuance had on the defendant's own motion. *State v. Smith,* 495 N.E.2d 539, 541 (Ind.Ct.App. 1986). The one-year period fixed by the rule is extended only by the period of delay that is chargeable to the defendant. *Frisbie v. State,* 687 N.E.2d 1215, 1217 (Ind.Ct.App. 1997), *trans. denied.*

Johnson contends that the trial court erred in determining the delay attributable to her in calculating the one year period prescribed by Criminal Rule 4(C) when it denied her motion to dismiss. She argues that the trial court erred in determining the date upon which the period began. Johnson asserts that she should have been tried one year from the date on which she was charged, September 29, 1995. However, the trial court used the date that the summons was served on Johnson, October 19, 1995, stating that for the purposes of Criminal Rule 4(C), a summons is the same as an arrest.

Criminal Rule 4(C) states that the commencement date will be the date the charging information is filed or the date of the arrest on such charge, whichever is later, and the term "summons" is not found in the Rule. When construing procedural rules, it is appropriate to look to established principles of statutory construction. *Indiana State Dept. of Welfare v. Stagner*, 410 N.E.2d 1348, 1352 (Ind.Ct.App.1980). Criminal statutes "cannot be enlarged by construction, implication, or intendment beyond the fair meaning of the language used." *Gore v. State*, 456 N.E.2d 1030, 1033 (Ind.Ct.App.1983). Criminal statutes are strictly construed against the State but should not be overly narrowed so as to exclude cases the statutes fairly cover. *Taylor v. State*, 663 N.E.2d 213, 216 (Ind.Ct. App.1996), *trans. denied.* Criminal statutes should not be limited, rendered ineffective, or absurd, and should be allowed to perform their intended objective as shown by the evils the statute is expected to remedy. *Id.*

Johnson argues that a summons and an arrest are two very distinct procedural entities, and if the Indiana Supreme Court meant to allow the service of a summons to begin the one year period, it would have so stated in Criminal Rule 4(C). We disagree.

When an individual is charged with a misdemeanor, a summons may be issued in lieu of issuing an arrest warrant. Ind.Code § 35–33–4–1. If the person summoned fails to appear, the court may issue a warrant of arrest. *Id.* An arrest occurs when the police officer interrupts the freedom of movement of the accused and restricts his liberty of movement. *Sears v. State*, 668 N.E.2d 662 (Ind.1996). Although a summons does not restrain a person's liberty to the extent that an arrest does, a summons does restrain an individual's liberty as they must appear in court on a certain date or the court may issue an arrest warrant.

Indiana Code Section 35–33–4–1 is for the benefit of the defendant in that it eliminates the need for an arrest. Here, the summons was used in lieu of arresting Johnson. If we hold that a summons pursuant to Indiana Code Section 35–33–4–1 is not an arrest for the purposes of Criminal Rule 4(C), we would force the courts to order arrest warrants instead of issuing a summons, contrary to the intent of this statute. Moreover, we would contravene the purpose of Criminal Rule 4(C). The purpose of this rule is to assure criminal defendants of early trials, not to provide them with a technical means of avoiding trial. *State v. Hurst*, 688 N.E.2d 402, 408 (Ind.1997); *see also Loyd v. State*, 272 Ind. 404, 410, 398 N.E.2d 1260, 1266 (1980), *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105 (1980).

Johnson benefitted by Indiana Code § 35–33–4–1. We are unwilling to conclude that after benefitting from such a statute, she subsequently escapes the timetable requirements of Criminal Rule 4(C). Accordingly, we conclude that the timetable of Criminal Rule 4(C) started on the day the summons ordered Johnson to appear in court, November 17, 1995. That was the date that Johnson's liberty was truly restrained as she was ordered to appear before the court and was subject to arrest if she failed to appear. Therefore, she was entitled to be brought to trial by November 17, 1996. However, on November 9, 1995, Johnson asked for a change of judge. A new judge was not appointed until November 21, 1995. This is delay attributable to Johnson. *State ex rel. Brown v. Hancock County Superior Court*, 267 Ind. 546, 372 N.E.2d 169, 170 (1978). Thus, Johnson should have been brought to trial by November 21, 1996.

The defendant must object to a trial setting at the earliest opportunity if she learns within the period provided by the rule that the case is set for trial at a time beyond the date permitted. *Raber v. State*, 622 N.E.2d 541, 545 (Ind.Ct.App.1993). If a defendant fails to object at the earliest opportunity to a trial set outside the prescribed one-year period, she is deemed to have acquiesced to the belated trial date. *Id.* An objection must be raised in time to permit the trial court to set the trial for a new date within the proper period. *Martin v. State*, 419 N.E.2d 256, 258 (Ind.Ct.App.1981).

On October 17, 1996, the trial court set the trial date for February 19, 1997. While the trial date fell outside of the one year period, the court set the trial date within the one year period which would have

ended on November 21, 1996. However, Johnson did not raise an objection to the trial date set by the court. By failing to lodge an objection to the trial date set on October 17, 1996, Johnson acquiesced to that belated date. Therefore, the trial court did not err in its refusal to grant her motion to dismiss.[1]

Affirmed.

BAKER, J., concurs.

GARRARD, J., concurs with separate opinion.

GARRARD, Judge, concurring

I concur in the result reached by the majority. In my view for purposes of Criminal Rule 4(C) when a defendant is served with a summons rather than arrested after charges have been filed, the one year period does not begin to run before the date she first appears in court, or is arrested on a warrant for her failure to appear.

Accordingly, on the facts before us the one year would not commence to run before Johnson's scheduled appearance date, and that is sufficient to defeat her claim.

1. The delay not attributable to Johnson due to the recusal of Special Judge McCarty and the subsequent appointment of Special Judge Pflum does not impact this decision because of Johnson's failure to object to the February 19, 1997 trial date.