## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 10 2017, 9:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana,<br>*Appellant-Defendant,*<br><br>v.<br><br>Autumn Spears,<br>*Appellee-Plaintiff.* | October 10, 2017<br><br>Court of Appeals Case No.<br>10A04-1704-CR-782<br><br>Appeal from the Clark Circuit Court<br><br>The Honorable Joseph P. Weber, Judge<br><br>Trial Court Cause No.<br>10C03-1506-F6-839 |

**Mathias, Judge.**

[1] The State of Indiana appeals the trial court's grant of Autumn Spears's motion for discharge pursuant to Indiana Criminal Rule 4(C).

We reverse and remand.

## Facts and Procedural History

On June 12, 2015, the State charged Spears with Level 6 felony battery. On the same day, the State issued a criminal summons ordering Spears to appear in court on July 14 for her initial hearing. On July 13, Spears requested and was granted a continuance of the initial hearing, and it was moved to August 12. On August 11, the initial hearing was again rescheduled, this time for September 2. However, on September 1, Spears appeared in court where she waived the formal reading of charges. A pretrial conference was set for September 22.

On September 11, Spears requested a continuance of the pretrial conference and it was rescheduled to October 22. On January 25, 2016, Spears and the State reached a plea agreement, and a guilty plea hearing was set for April 21. On April 21, Spears requested a continuance of the plea hearing. It was granted, and the plea hearing was rescheduled to June 7.

On June 7, the State withdrew from the plea agreement.[1] The trial court set the final pretrial conference for September 26 and the jury trial for October 27. At the September 26 conference, Spears requested a new status review and a new jury trial date. The trial court set a status conference for December 6, and rescheduled the jury trial for January 12, 2017.

---

[1] The State withdrew because "[the State was] contacted by the victim and there was some [] facts alleged that were not contained in the original police report." Tr. Vol. III, p. 4.

On December 6, Spears again requested a new status date and that the jury trial be continued to February 12, 2017.[2] Two days later, on December 8, Spears filed a Motion for Discharge Pursuant to Criminal Rule 4(C). The trial court granted the motion before the State was able to respond.[3] On January 10, 2017, the State filed a Motion to Vacate the Order for Discharge, which was granted. Subsequently, the State filed a motion to correct error and a brief in support. The trial court set a hearing for March 20.

At the March 20 hearing, both sides presented argument relating to the motion for discharge. Two days later, the trial court reaffirmed its ruling discharging Spears pursuant to Criminal Rule 4(C). The State now appeals.

## Discussion and Decision

First, we note that Spears did not file an appellee's brief. In such cases, we will not develop arguments for the appellee, and we apply a less stringent standard of review. *State v. Miracle*, 75 N.E.3d 1106, 1108 (Ind. Ct. App. 2017). "We may reverse if the appellant is able to establish prima facie error, which is error at first sight, on first appearance, or on the face of it." *Wharton v. State*, 42 N.E.3d 539, 541 (Ind. Ct. App. 2015). "The appellee's failure to provide argument does not relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required." *Id.*

---

[2] The trial court never ruled on this request.

[3] Clark County, Indiana, Local Rule LR10-AR00-7(B) gives opposing parties 10 days to respond to motions.

[9] The State argues that the trial court erred in discharging Spears because the rule period provided by Criminal Rule 4(C) had not expired, and moreover, that Spears waived any request for a trial within the proscribed time period. Criminal Rule 4(C) provides in relevant part:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar.

We review the trial court's ruling on a Criminal Rule 4(C) motion *de novo*. *Baumgartner v. State*, 891 N.E.2d 1131, 1133 (Ind. Ct. App. 2008). The one-year period fixed by the rule will be extended only by the defendant's own act or a continuance had on the defendant's own motion. *Johnson v. State*, 708 N.E.2d 912, 914 (Ind. Ct. App. 1999), *trans. denied*. "The purpose of this rule is to assure criminal defendants of early trials, not to provide them with a technical means of avoiding trial." *Id*. at 915 (internal citations omitted).

[10] The following chronology sets out the delays relevant to our decision and identifies which delays are attributable to each party.

| Description | Date | Chargeable to State | Chargeable to Spears |
|---|---|---|---|
| Initial Hearing Scheduled | July 14, 2015 | | |
| | | | 29 days |
| Initial Hearing Continued | August 12, 2015 | | |
| | | 20 days | |
| Initial Hearing Held | September 1, 2015 | | |
| | | 10 days | |
| Spears's Motion to Continue the | September 11, 2015 | | |
| | | | 41 days |
| Pre-Trial Conference Held | October 22, 2015 | | |
| | | 95 days | |
| Plea Agreement Reached | January 25, 2016 | | |
| | | | 134 days |
| Plea Agreement Hearing State Withdraws Plea | June 7, 2016 | | |
| | | 111 days | |
| Spears's Motion for Status Review and New Jury Trial | September 26, 2016 | | |
| | | | 73 days |
| Spears's Motion for Discharge | December 8, 2016 | | |
| | Total | 236 days | 277 days |
| | Days left to try Spears | 129 days | |

[11] There is no Criminal Rule 4(C) violation here. Spears was first ordered to appear in court on July 14, 2015, and this is when the Criminal Rule 4(C) timetable began to run. *See Johnson*, 708 N.E.2d at 915 (holding that when a summons is issued instead of an arrest warrant, the timetable of Criminal Rule 4(C) begins on the day the summons orders the defendant to appear in court). Thus, the State was required to bring her to trial by July 14, 2016, barring any acts by Spears that would extend the time period.

[12] On Spears's motion for continuance, the initial hearing was rescheduled to August 12, therefore, these 29 days are attributable to Spears. *See Cook v. State*, 810 N.E.2d 1064, 1066–67 (Ind. 2004) (holding that "when a defendant takes action which delays the proceeding, the time is chargeable to the defendant and

extends the one-year time limit, regardless of whether a trial date has been set at the time or not."). The initial hearing was again rescheduled to September 2, however, Spears appeared in court on September 1. Although the record is not clear, we find these 20 days attributable to the State.[4] Ten more days are attributable to the State up until September 11 when Spears filed a motion for continuance for the pretrial conference. The pretrial conference was held on October 22, and the 41 days in between are attributable to Spears. *See id.*

[13] On January 25, 2016, Spears and the State reached a plea agreement. The 95 days from the pretrial conference to the date a plea agreement was reached are attributable to the State. At this point, the State had accrued 125 of its 365 days. Therefore, as of January 25, 2016, the State had 240 more days, until September 21, 2016, to bring Spears to trial.

[14] The plea hearing was held on June 7. The time period under Criminal Rule 4(C) was extended for the 134 days between January 25 and June 7. *See Miller v. State*, 650 N.E.2d 326, 329 (Ind. Ct. App. 1995) (holding the time period under Criminal Rule 4(C) is delayed between the time a court is informed of a plea agreement and the trial court's hearing on the plea agreement). When the State withdrew from the plea agreement on June 7, the State still had 240 more days,

---

[4] It is unclear from the record who filed for this continuance. The only note in the CCS states, "Reason: By Request." Appellant's App. pp. 110, 122. However, it is likely that this continuance is attributable to the State because the State did not file its response to discovery until August 13. *Id.* at 22–23. Further, there is no motion for continuance from Spears in the record to account for this delay.

or until February 2, 2017, to bring Spears to trial. After the June 7 hearing, the trial court set a trial date of October 27, 2016.[5]

[15] At the final pretrial conference on September 26, Spears requested a new status review and a new jury trial date. The 111 days between the State's rejection of Spears's plea and the September 26 conference are attributable to the State. On Spears's motion, the new trial was set for January 12, 2017. The 108 days from the September 26 conference to the new trial date are attributed to Spears. *See Vermillion v. State*, 719 N.E.2d 1201, 1204 (Ind. 1999) (explaining that the time between a defendant's motion for continuance and a new trial date is chargeable to the defendant).

[16] On December 8, 2016, when Spears filed a Motion for Discharge Pursuant to Criminal Rule 4(C), the State still had 129 days, until April 16, 2017, to bring Spears to trial. The trial was already set for January 12, 2017, which was well within the adjusted Criminal Rule 4(C) deadline. Therefore, it was error for the trial court to discharge Spears pursuant to Criminal Rule 4(C).

[17] Reversed and remanded.

Vaidik, C.J., and Crone, J., concur.

---

[5] At the June 7 hearing, the trial date was set for a date beyond the original date required by Criminal Rule 4(C), July 14, 2016. Therefore, even if none of the delays were chargeable to Spears, it was at this June 7 hearing that Spears was required to object to the October 27, 2016, trial date if she believed it was outside the prescribed one-year period. *State v. Black*, 947 N.E.2d 503, 509 (Ind. Ct. App. 2011). Failure to object at the earliest opportunity results in Spears's waiver of her right to be discharged under Criminal Rule 4(C). *Id.* At no point did Spears's counsel object to a trial date.