## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2020, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Raeane L. Pryor
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald A. Earles, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | September 30, 2020 <br><br> Court of Appeals Case No. 20A-CR-786 <br><br> Interlocutory Appeal from the Switzerland Circuit Court <br><br> The Honorable W. Gregory Coy, Judge <br><br> Trial Court Cause No. 78C01-1804-CM-146 |

**Mathias, Judge.**

[1] Donald A. Earles, Jr. ("Earles") brings this interlocutory appeal from the order of the Switzerland Circuit Court denying his motion for discharge under

Indiana Criminal Rule 4(C). Earles presents one issue on appeal, which we restate as whether the trial court erred by denying his motion for discharge.

We affirm.

## Facts and Procedural History

On April 20, 2018, the State charged Earles in the present case in Switzerland County with Class A misdemeanor interfering with reporting a crime and Class B misdemeanor criminal mischief. On April 23, 2018, the trial court issued a summons for Earles to appear in court for an initial hearing to be held on May 7, 2018. Earles was personally served with the summons on April 26, 2018.

On May 4, 2018, three days before the scheduled initial hearing in Switzerland County, Earles was arrested and charged in neighboring Dearborn County with Level 6 felony possession of methamphetamine, Level 6 felony obstruction of justice, and Class C misdemeanor possession of paraphernalia. On May 7, 2018, the day his initial hearing was scheduled in Switzerland County, the Dearborn Superior Court held an initial hearing in that case, and that court ordered Earles to be held on a $7,500 cash bond. Earles therefore failed to appear at the initial hearing in Switzerland County.[1] For whatever reason, however, the Switzerland Circuit Court did not issue a warrant for Earles's

---

[1] In his Appellant's Brief, Earles notes that there is no mention in the Switzerland County CCS entry for May 7, 2018 indicating that he failed to appear. But when questioned by the trial court in the present case about his failure to appear at the initial hearing, Earles admitted that he was incarcerated at the time. And Earles admitted in his motion for discharge that he "failed to appear at the initial hearing on May 7, 2018, despite service of Summons." Appellant's App. p. 30.

arrest at that time. And Earles did not inform the trial court in Switzerland County of his incarceration in Dearborn County.

[5] On August 7, 2018, Earles pleaded guilty to both Level 6 felony charges in Dearborn County, and the State dismissed the misdemeanor charge. Two days later, the Dearborn Superior Court sentenced Earles to consecutive terms of 910 days on both counts, with credit for time served, and suspended to probation 700 days of the sentence imposed on the possession charge and all of the sentence on the obstruction charge.

[6] The Switzerland Circuit Court did not issue a warrant for Earles's arrest in the present case until January 28, 2020. Earles was served with this warrant on February 3, 2020, and an initial hearing was held the following day. Earles then filed a motion for discharge on March 2, 2020, claiming that the State had failed to bring him to trial within the one-year time limit imposed by Criminal Rule 4(C). The trial court denied Earles's motion that same day. On March 9, 2020, Earles filed a motion asking that the trial court certify its order for interlocutory appeal, which the trial court granted the next day.

[7] On April 7, 2020, Earles filed a motion in this court requesting that we accept interlocutory jurisdiction. We granted Earles's motion on May 4, 2020, and this appeal ensued.

## Standard of Review

[8] Earles argues that the trial court erred by denying his motion for discharge under Criminal Rule 4(C). This rule provides in relevant part:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar.

Ind. Criminal Rule 4(C).

[9] Our review of a trial court's ruling on a motion for discharge under Criminal Rule 4(C) is de novo. *Baumgartner v. State*, 891 N.E.2d 1131, 1133 (Ind. Ct. App. 2008). The one-year period fixed by Rule 4(C) will be extended only by the defendant's own act or a continuance had on the defendant's motion. *Johnson v. State*, 708 N.E.2d 912, 914 (Ind. Ct. App. 1999), *trans. denied*. We have explained that "[t]he purpose of this rule is to assure criminal defendants of early trials, not to provide them with a technical means of avoiding trial." *Id.* at 915.

## Discussion and Decision

[10] Earles claims that the trial court erred by denying his motion for discharge because the one-year time limit set forth in Criminal Rule 4(C), within which the State had an affirmative duty to bring him to trial, has expired. Earles argues that the one-year time limit began to run on April 23, 2018—the date the trial court issued the summons in this case. According to Earles, the State had to bring him to trial no later than April 23, 2019, which it did not do. Thus, he

argues that the trial court should have granted his motion for discharge. We disagree.

[11] The plain text of Criminal Rule 4(C) says that the State must bring a defendant to trial within one year of either: (1) the date the charge was filed, or (2) the date of his arrest on such charge, *whichever is later*. Here, the charges against Earles were filed on April 20, 2018, but he was not arrested on this charge until February 3, 2020. Thus, the State had until February 3, 2021 (one year from the date Earles was arrested) in which to bring him to trial. When Earles filed his motion for discharge on March 2, 2020, the one-year time period had not yet run.

[12] As noted, however, Earles claims that the one-year time period began to run on the date he was summoned. In support of his argument, Earles cites *Johnson v. State*, 708 N.E.2d 912 (Ind. Ct. App. 1999), *trans. denied*. The defendant in that case had been charged with a misdemeanor on September 29, 1996 and was served with a summons that ordered her to appear in court on November 17 of that year. The State did not bring Johnson to trial within one year of the date Johnson had been charged, so Johnson moved for discharge, arguing that the one-year period commenced on the day she was charged. The trial court denied the motion, and Johnson appealed.

[13] On appeal, we noted that when a person is charged with a misdemeanor, the trial court may issue a summons instead of an arrest warrant. *Id.* at 915 (citing Ind. Code § 35-33-4-1). We held that this statute provides a benefit to a

defendant who is charged with a misdemeanor because "it eliminates the need for an arrest." *Id.* Because Johnson benefitted from this statute by avoiding the need for arrest, we held that the one-year time period of Criminal Rule 4(C) did not run from the date the charge was filed, but from the date the summons ordered her to appear in court, as that was the date that her liberty was truly restrained, i.e., she was ordered to appear in court and was subject to arrest if she failed to appear. *Id.*

[14] Earles argues that, pursuant to *Johnson*, the one-year time period of Criminal Rule 4(C) began to run on April 23, 2018—the date the trial court issued the summons ordering him to appear for an initial hearing. However, here, Earles failed to appear on the date he was summoned. There is no indication that the defendant in *Johnson* similarly failed to appear. We therefore do not find *Johnson* to be controlling in a situation such as here, where the defendant fails to appear when summoned. We agree with the State that, because Earles failed to appear, "he was not held, nor was his liberty 'truly restrained,' under the current cause on May 7, 2018, like it would have been had he appeared or been arrested." Appellee's Br. p. 12.

[15] We recognize that Earles failed to appear because he was arrested and charged in Dearborn County. But Earles failed to inform the trial court in the present

case of his arrest and conviction in the neighboring county. We will not permit Earles to benefit from his continued criminal activity.[2]

[16] Indeed, even if we were to agree with Earles that the one-year time limit began to run on the date the summons was issued, he would not prevail, as the one-year time limit of Criminal Rule 4(C) is tolled when a defendant fails to appear due to his incarceration in another county yet fails to inform the trial court of his incarceration. *Ratliff v. State,* 132 N.E.3d 41, 43–44 (Ind. Ct. App. 2019), *trans. denied*. In *Ratliff*, the defendant failed to appear for a pre-trial hearing because he was incarcerated in another county. The trial court therefore canceled the scheduled jury trial. Almost four years later, the trial court held a status hearing and reset the jury trial date. Ratliff then filed a motion for discharge, claiming that the State had failed to bring him to trial within one year. The trial court denied Ratliff's motion.

[17] On interlocutory appeal, we affirmed the trial court. We noted that the one-year time limit is tolled when a "defendant does not appear before the trial court and his whereabouts are unknown." *Id.* (citing *Werner v. State*, 818 N.E.2d 26, 31 (Ind. Ct. App. 2004), *trans. denied*). Although an unidentified speaker informed the trial court that Ratliff was incarcerated in another county, Ratliff himself did

---

[2] We note that with the implementation of Indiana's statewide computerized Odyssey case-management system, it is relatively simple for prosecutors, defense attorneys, and trial court judges to check if a defendant who fails to appear has been charged in another county. Such a simple check in the present case could have alerted all parties interested of Earles's status, thereby prompting the trial court to issue an arrest warrant for Earles much earlier.

not provide written notification of his incarceration to the trial court. In fact, Ratliff did not communicate with the trial court to indicate his whereabouts until approximately four years after he failed to appear. We therefore held that any delay was attributable to Ratliff and that the trial court therefore did not err in denying Ratliff's motion for discharge. *Id*. at 45; *see also Werner*, 818 N.E.2d at 31 (holding that trial court did not err in denying motion for discharge where defendant failed to appear at initial hearing due to his incarceration in another county because defendant failed to notify the court in writing of his incarceration, even though two people orally informed the trial court of defendant's incarceration).

## Conclusion

[18] The trial court did not err by denying Earles's motion for discharge. The trial court scheduled Earles's trial to begin within one year of the date Earles was arrested in the present case. The one-year time limit did not begin to run when the trial court issued the summons because Earles failed to appear at the initial hearing. Although his failure to appear was due to his incarceration in another county, Earles failed to provide written notification to the trial court of his incarceration. Therefore, any delay in bringing him to trial was attributable to Earles. Accordingly, we affirm the trial court.

[19] Affirmed.

Bradford, C.J., and Najam, J., concur.