

# IN THE
# Court of Appeals of Indiana

Zachary A.R. Pontius,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

May 20 2026, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

May 20, 2026

Court of Appeals Case No.
25A-CR-216

Appeal from the Elkhart Superior Court

The Honorable Michael W. Reed, Special Judge

Trial Court Cause No.
20D03-2101-F1-2

---

**Opinion by Judge May**
Judge Mathias concurs
Judge Felix concurs in result without opinion

**May, Judge.**

[1] Zachary A.R. Pontius was convicted of three counts of Level 1 felony child molesting[1] and adjudicated a repeat sexual offender.[2] He then filed a motion to correct error that alleged the charges against him should have been dismissed pursuant to Indiana Criminal Rule 4(C), and the trial court denied his motion. Pontius presents one issue for our review: whether Indiana Criminal Rule 4(C) required dismissal of the charges against him. We affirm.

## Facts and Procedural History

[2] On January 28, 2021, the State charged Pontius with three counts of Level 1 felony child molesting. The charging information alleged that between September 8, 2019, and May 14, 2020, Pontius, who was over twenty-one years old at the time, had on three occasions used his fingers to penetrate the vagina of a child who was under fourteen years old. The State later amended the charging information to allege Pontius was eligible for a repeat sexual offender sentence enhancement because of a prior conviction of Class D felony sexual battery.[3] Pontius was arrested on February 5, 2021, and he was released on bond a few days later. The trial court held Pontius's initial hearing on March 11, 2021, and set Pontius's trial to begin on June 14, 2021.

---

[1] Ind. Code § 35-42-4-3(a)(1) (2015).

[2] Ind. Code § 35-50-2-14 (2009).

[3] Ind. Code § 35-42-4-8(a) (1998).

[3]     During a pretrial conference on May 6, 2021, Pontius moved to continue his trial. The trial court granted the motion, vacated the June 14 trial date, and ruled the resulting delay was attributable to Pontius for the purpose of Criminal Rule 4. On July 1, 2021, the trial court reset Pontius's jury trial to begin on September 27, 2021. On September 20, 2021, the trial court entered an order vacating Pontius's trial due to court congestion, and the trial court rescheduled Pontius's jury trial to begin on February 14, 2022.

[4]     On December 13, 2021, the trial court entered an order noting that a conflict required the presiding judge, the Honorable Teresa L. Cataldo, to recuse herself. The order referred the case to the Honorable Michael A. Christofeno to serve as special judge and ordered "[a]ll future hearings are hereby vacated, to be reset by" the special judge. (App. Vol. 2 at 37.) Judge Christofeno assumed jurisdiction as the special judge on December 15, 2021, and he set a pretrial conference for December 16, 2021. At that pretrial conference, Judge Christofeno then reset Pontius's trial to begin on May 2, 2022. During a pretrial conference on March 17, 2022, Pontius moved to continue his jury trial and agreed that any resulting delay was attributable to him for the purpose of Criminal Rule 4. The trial court granted Pontius's motion and reset his trial to occur on August 25, 2022.

[5]     On April 13, 2022, Pontius filed notice that Judge Christofeno had been the deputy prosecuting attorney in 2002 who had signed the criminal information in the case that resulted in the Class D felony sexual battery conviction underlying the State's allegation that Pontius qualified for the repeat sexual

offender sentence enhancement. The notice stated that neither Pontius nor the State believed a conflict of interest existed, but the parties "agreed that the matter should be disclosed to Judge Christofeno who could make his own determination." (*Id.* at 42.)

[6] The trial court held a pretrial conference on July 14, 2022. During the pretrial conference, Judge Christofeno stated: "If I stay in this case, there [are] just too many ways that that prior case might come up. And while I am telling you I don't remember that prior case. . . . That doesn't take the conflict away." (Add. Tr. Vol. II at 4.[4]) Judge Christofeno asked both the State and Pontius if they agreed he should disqualify himself, and they agreed. Judge Christofeno disqualified himself and vacated all hearings pending the appointment of a new special judge. On July 28, 2022, Judge Michael Reed accepted his appointment to serve as the new special judge. Judge Reed held a pretrial conference on October 28, 2022, and in his order following the pretrial conference, Judge Reed noted that a jury trial date of June 13, 2023, had been set "[a]fter consultation with counsel[.]" (App. Vol. 2 at 80.)

[7] On June 1, 2023, Pontius filed a motion to continue his trial, and he agreed that any delay resulting from his continuance should be attributed to him for the purpose of Criminal Rule 4. The trial court continued Pontius's trial date to October 10, 2023. On September 1, 2023, Pontius again moved to continue his

---

[4] This citation refers to the additional transcript volumes that reflect relevant pretrial hearings and were submitted in addition to the four trial transcript volumes.

trial, and the trial court granted Pontius's motion. Following a pretrial conference on September 22, 2023, the trial court issued an order resetting Pontius's trial to begin on April 16, 2024.

[8] On March 28, 2024, Pontius filed a motion seeking discharge and dismissal pursuant to Criminal Rule 4. Pontius asserted the State was responsible for a 372-day delay in bringing him to trial, and Pontius argued he therefore was entitled to dismissal of the charges against him. On April 4, 2024, the State filed a response to Pontius's motion arguing that any delay related to the finding of a special judge should be attributed to Pontius, and Pontius filed a reply to the State's response. The trial court held a hearing on Pontius's motion on April 11, 2024. Pontius filed a post-hearing brief on April 12, 2024, asserting 378 total days of delay were attributable to the State. On April 14, 2024, Pontius then filed an emergency motion for a continuance of his April 16, 2024, trial. On April 15, 2024, the trial court issued an order granting the emergency motion to continue and an order denying Pontius's motion for discharge. The trial court rescheduled Pontius's jury trial to begin on October 29, 2024.

[9] Pontius's jury trial began on October 29, 2024. The jury returned verdicts finding Pontius guilty on all three counts of Level 1 felony child molesting and finding him to be a repeat sexual offender. The trial court held Pontius's sentencing hearing on November 20, 2024. The trial court imposed a forty-year sentence with respect to each Level 1 felony child molesting conviction, and it enhanced Pontius's sentence related to the first conviction by an additional five

years because he was a repeat sex offender. The trial court ordered Pontius to serve his sentences concurrently for an aggregate term of forty-five years. The trial court ordered Pontius to serve the first forty years of his aggregate sentence incarcerated in the Indiana Department of Correction, and it suspended the last five years to probation.

[10] Pontius filed a motion to correct error on December 19, 2024, asserting the trial court committed an error of law in denying Pontius's motion to dismiss the charges against him pursuant to Criminal Rule 4(C). The State filed a response to Pontius's motion, and the trial court summarily denied Pontius's motion to correct error on December 31, 2024.

## Discussion and Decision

[11] Pontius contends the trial court erred when it denied his motion to correct error because the charges against him should have been dismissed pursuant to Criminal Rule 4(C). We review a trial court's decision on a motion to correct error for an abuse of discretion. *Alvarez v. State*, 147 N.E.3d 374, 377 (Ind. Ct. App. 2020), *trans. denied*. "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law." *Id*.

[12] "In reviewing Criminal Rule 4 claims, we review questions of law de novo, and we review factual findings under the clearly erroneous standard." *State v.*

*Harper*, 135 N.E.3d 962, 972 (Ind. Ct. App. 2019), *trans. denied*. Criminal Rule 4(C)[5] states:

> No person can be held on recognizance or otherwise to answer a criminal charge for a period in aggregate exceeding one year from the date the criminal charge against such defendant is filed, or from the date of the arrest on such charge, whichever is later. Delays caused by a defendant, congestion of the court calendar, or an emergency are excluded from the time period. If a defendant is held beyond the time limit of this section and moves for dismissal, the criminal charge against the defendant must be dismissed. The one-year time limit does not apply to a retrial following a mistrial or vacation of a conviction or sentence following a motion to correct error, appeal, post-conviction relief, or habeas corpus proceedings. The trial court must commence the retrial within a reasonable time.

The purpose of Criminal Rule 4(C) "is to assure criminal defendants of early trials, not to provide them with a technical means of avoiding trial." *Johnson v. State*, 708 N.E.2d 912, 915 (Ind. Ct. App. 1999), *trans. denied*.

[13] It is the State's burden to bring a defendant to trial, and the "defendant has no obligation to remind the trial court of the State's duty, nor is he required to take any affirmative action to see that he is brought to trial within the statutory time period." *State v. Black*, 947 N.E.2d 503, 507 (Ind. Ct. App. 2011). "The defendant may waive his right to be brought to trial within one year by failing

---

[5] We apply the version of Rule 4(C) in effect at the time Pontius moved to dismiss his charges. *See Grimes v. State*, 235 N.E.3d 1224, 1230 (Ind. 2024) (applying version of Rule 4(C) in effect when defendant moved for discharge).

to raise a timely objection if the trial court, acting during the one-year period, schedules the trial beyond the limit." *Hoback v. State*, 225 N.E.3d 208, 212 (Ind. Ct. App. 2023) (internal citations, quotation marks, and brackets omitted). If a defendant moves for a change of judge and a special judge assumes jurisdiction, the delay between the initial judge's recusal and the special judge's assumption of jurisdiction is chargeable to the defendant for the purpose of Criminal Rule 4 and the time resumes being charged to the State following appointment of the special judge. *See State v. Larkin*, 100 N.E.3d 700, 705 (Ind. 2018) ("This Court has held that 'a delay occasioned by a defendant's filing of a motion for change of judge is chargeable to him and that the time begins to run anew when the new judge qualifies and assumes jurisdiction.'") (quoting *State ex rel. Brown v. Hancock Cnty. Superior Ct.*, 372 N.E.2d 169, 170 (1978)).

[14] Pontius was arrested on February 5, 2021, and his first trial date was set for June 14, 2021. That 129-day delay is attributable to the State. Pontius moved to continue the June 14, 2021, trial date and the trial was further delayed due to court congestion. Those delays are not chargeable to the State. Judge Cataldo recused herself on December 13, 2021, and Judge Christofeno assumed jurisdiction as the special judge on December 15, 2021. The parties dispute whether that two-day period is chargeable to the State for the purpose of Criminal Rule 4(C). The trial court scheduled Pontius's trial to begin on May 2, 2022. The 138-day period between when Judge Christofeno assumed jurisdiction and the rescheduled trial date is attributable to the State. Consequently, at this point, a total of 267 days were attributable to the State if

the delay due to judicial recusal did not count against the State and 269 days if the delay counted against the State. Pontius moved to continue that trial date, and Judge Christofeno recused himself on July 14, 2022. Judge Reed accepted his appointment as special judge on July 28, 2022. The parties dispute whether the fourteen-day period between July 14, 2022, and July 28, 2022, is attributable to the State.

[15] The dispute over whether the days between when a judge recuses and a new judge accepts the appointment matters because if those days are attributable to the State, then the State had until October 18, 2022, to bring Pontius to trial.[6] If, however, those days are not attributable to the State, the State had until November 3, 2022, to bring Pontius to trial.[7] Whether the deadline is October 18, 2022, or November 3, 2022, is important because during a pretrial conference on October 28, 2022, Pontius agreed to a June 13, 2023, trial date, which is outside of the Rule 4(C) period. If the Rule 4(C) period expired on October 18, 2022, then Pontius was entitled to have the charges against him dismissed, but if the period expired on November 3, 2022, then Pontius acquiesced to being tried outside the Rule 4(C) period.

[16] Pontius argues the delays related to judicial recusals should count against the State. In support of his position, Pontius notes that in *Morrison v. State*, our

---

[6] October 18, 2022, is ninety-six days from July 14, 2022, which is the date Judge Christofeno recused.

[7] November 3, 2022, is ninety-eight days from July 28, 2022, which is the date Judge Reed accepted his appointment as special judge.

Indiana Supreme Court stated, "the disqualification of the trial judge several months before the deadline for trial is not truly an *exigent* circumstance" justifying the delay of trial. 555 N.E.2d 458, 462 (Ind. 1990) (emphasis in original), *overruled on other grounds*, *Cook v. State*, 810 N.E.2d 1064, 1066 (Ind. 2004); *see also State v. Bondurant*, 514 N.E.2d 301, 305 (Ind. Ct. App. 1987) (explaining trial judge's recusal was not an exigent circumstance justifying delay when there was no indication in the record that the new trial judge could not have prepared himself to hold the trial on the scheduled date). However, our Supreme Court went on to explain that "[t]he unavailability of a qualified trial judge can be a serious systemic delay, but one which the State has little means of addressing." *Morrison*, 555 N.E.2d at 462. The Court observed that "[a]ssuming, *arguendo*, that a delay due to the unavailability of a judge who can properly hear the case qualifies as court congestion which tolls the running of the time period," *id*. (emphasis in original), the scheduled trial date was within the Rule 4(C) period, and if the delay did not qualify as court congestion, the defendant agreed to a trial date beyond when the Rule 4(C) period would have expired. *Id*.

[17] In *Larkin*, Larkin filed a motion for change of judge asserting the special judge had a conflict of interest. 100 N.E.3d at 702. The trial judge found he did not have a conflict of interest, but he nonetheless recused. *Id*. at 702-03. Several weeks then passed before a second special judge accepted the appointment. *Id*. at 703. The trial court subsequently dismissed the charges against Larkin pursuant to Rule 4(C), and the State appealed to our Indiana Supreme Court.

*Id.* Our Supreme Court observed that "[j]ust as interlocutory appeals toll the 4(C) period despite who filed because the case cannot practically move forward, the same is true when a motion for change of judge is filed." *Id.* at 705.[8] In addition, our Supreme Court noted that "practically speaking, there are times when it will take time to find a suitable special judge depending on the circumstances, and it's not clear why this delay is not akin to court congestion." *Id.* at 706. Likewise, when neither Pontius nor the State moved for the changes of judge that occurred herein, we do not see any reason why the delay between the recusal of one judge and the appointment of another should be treated any differently than when a trial is delayed because of court congestion. Therefore, Pontius's Rule 4(C) period was set to expire on November 3, 2022, and Pontius agreed to be tried outside of the Rule 4(C) period before that date. *See, e.g.*, *State v. Myers*, 101 N.E.3d 259, 262 (Ind. Ct. App. 2018) (holding defendant acquiesced to being tried outside of one-year period when defendant's trial date was set outside the one-year period before that period expired and defendant chose not to object). We accordingly affirm the trial court's denial of his motion to correct error.

## Conclusion

[18] The trial court did not err by denying Pontius's motion to correct error. Any delay of Pontius's trial related to judicial recusal was akin to court congestion,

---

[8] *But see Battering v. State*, 150 N.E.3d 597, 602 (Ind. 2020) (holding State is required to formally move for a stay of proceedings when pursuing an interlocutory appeal to toll the Rule 4(C) period).

and Pontius agreed to be tried outside the Rule 4(C) period before that period expired. Accordingly, we affirm the trial court.

[19] Affirmed.

Mathias, J. concurs.
Felix, J. concurs in result without opinion.

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Jesse R. Drum
Supervising Deputy Attorney General
Indianapolis, Indiana